Present:  All the Justices

BRENDA HUBBARD

v.    Record No. 971060  OPINION BY JUSTICE BARBARA MILANO KEENAN
                                    February 27, 1998
HENRICO LIMITED PARTNERSHIP,
T/A HENRICO ARMS APARTMENTS

               FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      Lee A. Harris, Jr., Judge

     In this appeal, we decide whether a tenant in an unlawful detainer action who pays the overdue rent and related charges before the first court return date automatically invokes the rights afforded by Code § 55-243 to retain possession of the leased premises.

     Brenda Hubbard leased an apartment from Henrico Limited Partnership t/a Henrico Arms Apartments (Henrico Arms) under the terms of a written lease that required her to make monthly rent payments to Henrico Arms.  In February, April, and June 1996, Hubbard failed to make the required rent payments.  On each of these occasions, Henrico Arms sent Hubbard a written notice, pursuant to Code § 55-225, stating that she must pay the overdue rent and related charges within five days or surrender possession of the leased premises.  When Hubbard failed to pay the amounts specified within five days of each written notice, Henrico Arms filed a summons for unlawful detainer on each occasion, seeking payment of past due rent, costs, and possession of the leased premises.

Prior to the return date on each of the unlawful detainer summonses, Hubbard paid to Henrico Arms all overdue amounts. Henrico Arms accepted each payment with reservation, pursuant to Code § 55-248.34, to preserve its right to seek possession of the premises. After accepting the rent with reservation, but prior to trial, Henrico Arms dismissed each unlawful detainer summons as "paid."

In September 1996, when Hubbard again failed to make the required rent payment, Henrico Arms sent Hubbard a written notice stating that she must pay the overdue rent and related charges within five days or surrender possession of the apartment. After Hubbard failed to pay the amount specified within five days, Henrico Arms filed a summons for unlawful detainer in the general district court, seeking payment of rent, costs, fees, and possession of the premises. Although Hubbard paid the entire amount due to Henrico Arms prior to the return date, and Henrico Arms accepted the payment with reservation, Henrico Arms did not dismiss the action.

At trial, Hubbard notified the general district court that she had paid all amounts due and sought to invoke her rights under Code § 55-243, which provides, in relevant part:

> A. If any party having right or claim to such lands shall . . . before the first court return date in an action of unlawful detainer seeking possession of a residential dwelling based upon a default in rent, pay or tender to the party entitled to such rent . . . all

2

the rent and arrears, along with any reasonable attorney's fees and late charges contracted for in a written rental agreement, interest and costs, all further proceedings in the . . . unlawful detainer shall cease. . . .

B.  In cases of unlawful detainer, the tenant may invoke the rights granted by this section no more than one time during any twelve-month period of continuous residency in the rental dwelling unit.

Hubbard informed the court that she had not exercised these rights within the preceding twelve-month period.  Henrico Arms argued that Hubbard had invoked the rights on the earlier occasions when she paid the amounts due prior to the first court return dates.  The general district court agreed with Henrico Arms and entered judgment in its favor for possession of the leased premises.

Hubbard appealed the judgment to the circuit court.  After a trial de novo, the circuit court entered judgment in favor of Henrico Arms for possession of the premises, ruling that Hubbard had invoked her rights under Code § 55-243 within the preceding twelve-month period and, therefore, was prevented from asserting those rights in the current action.

On appeal to this Court, Hubbard contends that the trial court erred in awarding possession of the premises to Henrico Arms because she had not invoked her statutory rights in any of the earlier unlawful detainer actions.  Hubbard asserts that a tenant can only invoke these statutory rights by manifesting an

3

intent to do so through "some words or conduct," after paying all overdue rent and related charges. Hubbard also argues that Henrico Arms should not be permitted to rely on the annual limitation in Code § 55-243(B) because Henrico Arms failed to inform Hubbard on any of those earlier occasions that she was exercising her rights under the statute.

In response, Henrico Arms contends that under the express terms of Code § 55-243, once a tenant pays accrued rent, attorney's fees, late charges, interest, and costs, the unlawful detainer proceeding "shall cease." Thus, Henrico Arms asserts that when a tenant pays all overdue rent and related charges before the first court return date on the unlawful detainer summons, the tenant has invoked the rights provided by the statute and the unlawful detainer action terminates by operation of law. Henrico Arms also argues that the statute does not require a landlord expressly to acknowledge that a tenant has invoked these statutory rights at the time the rights are exercised. We agree with Henrico Arms.

We repeatedly have stated the principles of statutory construction that apply when a statute, such as Code § 55-243, is clear and unambiguous. In such circumstances, a court may look only to the words of the statute to determine its meaning. Harrison & Bates, Inc. v. Featherstone Assocs., 253 Va. 364, 368, 484 S.E.2d 883, 885 (1997); Brown v. Lukhard, 229 Va. 316,

4

321, 330 S.E.2d 84, 87 (1985). The intention of the legislature must be determined from those words, unless a literal construction would result in a manifest absurdity. Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997); Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990). Thus, when the legislature has used words of a clear and definite meaning, the courts cannot place on them a construction that amounts to holding that the legislature did not intend what it actually has expressed. Id.; Weinberg v. Given, 252 Va. 221, 225-26, 476 S.E.2d 502, 504 (1996).

The plain language of Code § 55-243 gives a residential tenant a limited right to avoid a judgment for possession of leased premises by tendering to the landlord or paying into court at any time before the first court return date on the unlawful detainer summons all overdue rent and related charges. This right is limited by paragraph B of the statute, which affords the tenant this protection only once during any twelve-month period of continuous residency in the dwelling unit.

The tenant's act in tendering the amount due before the first court return date triggers the protection provided by the statute. Thus, no further act is required from the tenant before "all further proceedings in the . . . unlawful detainer shall cease." Code § 55-243(A).

5

We disagree with Hubbard's contention that the legislature's use of the word "invoke" in paragraph B of the statute requires us to reach a different conclusion.  When, as here, a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used.  City of Virginia Beach v. Flippen, 251 Va. 358, 362, 467 S.E.2d 471, 473-74 (1996); Marsh v. City of Richmond, 234 Va. 4, 11, 360 S.E.2d 163, 167 (1987).  In the present context, the plain meaning of the term "invoke" is "to put into legal effect."  See Webster's Third New International Dictionary 1191 (1993).  Thus, Hubbard "put into legal effect" the protection of the statute when she timely tendered payment for the overdue rent and related charges for February 1996, the period covered by the first unlawful detainer summons.

This interpretation of paragraph B also is compelled by the language in paragraph A of the statute that the unlawful detainer proceedings "shall cease" upon a timely tender by the tenant of the delinquent amounts due.  This language is unconditional and leaves nothing more to be done by the tenant before the statutory protection takes effect.  Once in effect, this protection requires the landlord to terminate the unlawful detainer action.

6

Hubbard's interpretation of Code § 55-243 would require us to render meaningless the statutory language which provides that an unlawful detainer action "shall cease" on the tenant's tender to the landlord of the overdue rent and related charges. Such an interpretation would violate the settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary. Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 405, 468 S.E.2d 905, 909 (1996); Raven Red Ash Coal Corp. v. Absher, 153 Va. 332, 335, 149 S.E. 541, 542 (1929).

We also find no merit in Hubbard's contention that, since Henrico Arms intended to rely on the annual limitation in Code § 55-243(B), Henrico Arms was "required to recognize when the right was used and to acknowledge this fact to the tenant." Such a construction would constitute a rewriting of the statute, an act in which the courts are not permitted to engage. See Barr v. Town & Country Properties, Inc., 240 Va. at 295, 396 S.E.2d at 674; Anderson v. Commonwealth, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944). Thus, we hold that the trial court correctly ruled that Hubbard was not entitled to invoke the rights afforded by Code § 55-243 in the present unlawful detainer action.

7

For these reasons, we will affirm the trial court's judgment.

__Affirmed.__