CHIEF JUSTICE CARRICO,
with whom JUSTICE COMPTON joins, dissenting.
I cannot agree with the majority that there is no appeal from an order of a district court denying a motion for a new trial in an unlawful detainer case. Under Code § 16.1-97.1, a litigant in a district court has a statutory right to move for a new trial. Under Code § 16.1-106, there shall be an appeal of right to a circuit court from any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars. And under Code § 8.01-129, an appeal shall lie from the judgment of a general district court in an unlawful detainer case to a circuit court in the same manner and with like effect and upon like security as an appeal taken pursuant to the provisions of Code § 16.1-106.
Nothing in any of these Code sections precludes an appeal from an order denying a motion for a new trial in an unlawful detainer case. Indeed, Code § 16.1-106 provides that there shall be an appeal of right from any order entered or judgment rendered in a court not of record in a civil case in which the matter in controversy is of greater value than fifty dollars. This language is certainly broad enough to include an order denying a motion for a new trial in an unlawful detainer case. And I have no trouble in finding that a matter in controversy is of greater value than fifty dollars when, as here, the matter involves the right of possession to a subsidized apartment renting for $154.00 per month.
*329 Nor do I have the concern expressed by the majority that to adopt my view would allow the appeal of countless interlocutory matters, including orders granting continuances, orders setting trial dates, orders determining venue, and orders providing for bills of particulars or the production of documents. Since such orders relate to matters of procedure, they are not of the dispositive nature of an order denying a motion for a new trial and not final in any sense of the word. Hence, they would not be appealable. On the other hand, motions for new trials generally relate to matters of substance, and orders denying such motions possess the attributes of final orders in the sense that they fully dispose of such substantive matters on the merits.
Accordingly, I would hold that the trial court had jurisdiction to hear Janice E. Ragan’s appeal from the order of the general district court denying her motion for a new trial, and I would reverse the judgment of the trial court and remand the case for further proceedings consistent with the views expressed in Hubbard v. Henrico Ltd. Partnership, 255 Va. 335, 497 S.E.2d 335 (this day decided).