## CIRCUIT COURT OF FAIRFAX COUNTY

Citibank (South Dakota), N.A.

v.

Jeffrey C. Birrell

October 1, 2002

Case No. (Law) 205293

BY JUDGE STANLEY P. KLEIN

This court has received Plaintiff Citibank (South Dakota), N.A.'s, ("Citibank") Motion for Default Judgment against Defendant, Jeffrey C. Birrell. After review of the statutory requirements contained in the federal Soldiers and Sailors Civil Relief Act, 50 U.S.C. app. § 501 (1960) *et seq.*, this Court denies Citibank's motion.

### I. *Background*

On June 25, 2002, Citibank filed a Motion for Judgment against Birrell alleging Birrell's default of payment on an open credit card account. After Birrell's failure to respond to Citibank's demand for payment, Citibank moved this court pursuant to Rule 3:17 of the Rules of the Supreme Court of Virginia for entry of a default judgment in the sum of $25,785.62 plus post-judgment interest at 9.0% per annum.

Submitted along with Citibank's motion was an affidavit signed by Madeline Calderon, an employee of Citicorp Credit Services (USA), attesting to Ms. Calderon's personal knowledge of the facts surrounding this case. Paragraph 7 of the affidavit states the following:

*Defendant has made no claim* of being an active member in the military services of the United States or any state thereof, nor has

Defendant requested reduction of the interest rate on this account to six percent (6%) pursuant to the Soldiers and Sailors Civil Relief Act.

(Emphasis supplied.)

## II. *Analysis*

Relating to the entry of default judgments, the Soldiers and Sailors Civil Relief Act provides in pertinent part:

In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, *the plaintiff,* before entering judgment shall file in the court an affidavit setting forth facts showing that the *defendant is not in military service.* If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that *plaintiff is not able to determine* whether or not defendant is in such service.

50 U.S.C. app. § 520 (emphasis supplied).

"The primary objective of statutory construction is to ascertain and to give effect to legislative intent." *Commonwealth v. Zamani,* 256 Va. 391, 395, 507 S.E.2d 608 (1998). When the language of the statute is clear and unambiguous, a court may consider only the words of the statute to determine its meaning. *Hubbard v. Henrico, Ltd. Partnership,* 255 Va. 335, 339, 497 S.E.2d 335 (1998). "Thus, when the legislature has used words of a clear and definite meaning, the courts cannot place on them a construction that amounts to holding that the legislature did not intend what it has actually expressed." *Hubbard,* 255 Va. at 339 (citation omitted).

The relevant language of the Soldiers and Sailors Civil Relief Act is clear and unambiguous. In order to protect men and women of the armed services on active duty, Congress requires that before a default judgment can be entered in any civil case, a plaintiff must submit an affidavit asserting either that the defendant is not in military service, or that the plaintiff is unable to determine whether the defendant is in the military.

The affidavit submitted by Citibank does not allege that Birrell is not in military service, nor that Citibank was unable to determine Birrell's military status. The statement, "*Defendant has made no claim* of being an active member in the military services ..." fails to satisfy the requirements of the Soldiers and Sailors Civil Relief Act. Accordingly, Citibank's Motion for

Default Judgment is denied without prejudice to being renewed upon compliance with the Soldiers and Sailors Civil Relief Act.