# CIRCUIT COURT OF THE CITY OF ROANOKE

Barbara A. Washington

v.

Edwin C. Hall Associates, Inc.

March 23, 2004

Case No. CL03-1257

BY JUDGE CHARLES N. DORSEY

The essential facts are not disputed, and both parties agree that the pivotal issue is one of statutory interpretation and that there is no case law authority in Virginia construing that statute.

## *Facts*

The plaintiff leased a house from a landlord through its management agent, the defendant herein. In connection with that lease, the plaintiff also entered into a "used appliance lease to own agreement" which is subject of this lawsuit.

The lease to own agreement, in its entirety, states:

> Lease-to-own twenty-four (24) months payment plan $12.50 per appliance, at the end of the twenty-four (24) month period you will own the appliances.
>
> The appliances are warranted for thirty (30) day period.
>
> Any payments received on an uncompleted payment plan will be considered rent for the appliances.
>
> Refrigerator $12.50
> Stove $12.50
> Total Due per month $25.00

The Virginia Lease-Purchase Agreement Act (Virginia Code § 59.1-207.17 *et seq.*) governs the analysis, and both parties so agree.

## Issue

The initial issue in this matter is whether the "lease-to-own-agreement" falls within the Virginia Lease-Purchase Agreement Act. If so, what are the plaintiff's damages? If not, should sanctions be imposed as sought by the defendant?

## Analysis

### A. *Whether the Virginia Lease-Purchase Agreement Act Applies*

Counsel for both parties have focused on the definitions of the Virginia Lease-Purchase Agreement Act contained in Virginia Code § 59.1-207.18. They have specifically focused on the definition of a "lease-purchase agreement." Defendant contends that the agreement in question does not meet the definition and the Act consequently does not apply. In pertinent part, the definition of "lease-purchase agreement" is defined as "an agreement for the use of personal property by a natural person primarily for personal, family, or household purposes, *for an initial period of four months or less that is automatically renewable with each payment after the initial period*, but does not obligate or require the consumer to continue leasing or using the property beyond the initial period, and that permits the consumer to become the owner of the property." (Emphasis added.)

The essential thrust of the defendant's argument is that, since the agreement in this case calls for 24 months, it does not fit within the statutory definition of having "an initial period of four months or less." The plaintiff urges that, since payments are made on a monthly basis, the first month is an initial period of four months or less.

Having no case law authority on which to rely and consequently construing the statute, the Court may look only to the words of the statute to determine its meaning. See *Hubbard v. Henrico, Ltd. P'ship*, 255 Va. 335, 339, 497 S.E.2d 335, 337 (1998). In this context, "initial" is defined as "of or relating to the beginning: marking the commencement." *Webster's Third International Dictionary* 1163 (2002). On first glance, the statutory language is arguably susceptible to the interpretation urged by either party. I believe, however, that the General Assembly must have inserted "four months or less" to exempt transactions which had longer initial periods, such as might ordinarily be found in a commercial context. Similarly, I believe the General

Assembly's intent was that any agreement that was to be paid daily, weekly, monthly, or quarterly, would be included under the Act. The agreement in question, which calls for payment of $25.00 per month for two appliances, could certainly have been structured so that it would have been $125.00 per five month period or $150.00 semi-annually. Had the agreement been so structured, it would arguably be outside the provisions of the Act.[1] Though reference is made to a payment plan of 24 months, I find that the "initial period," as contemplated by the Act, under the facts of this case, is the first month, which consequently brings this agreement under the Act.

### B. *Sanctions*

In light of the prior finding, it is probably clear that the defendant's motion for sanctions should be denied. In fact, even if the prior finding were to the contrary, sanctions in this case would be inappropriate and would not be ordered.

Both counsel are well known to the Court, with deserved reputations of the highest order. I consequently believe that the request for sanctions is merely a "boiler plate" request. To quote the Honorable Clifford R. Weckstein, "No one legitimately can question the professionalism and integrity of the outstanding and upstanding [lawyer] who filed these defensive pleadings. I am not criticizing [him] when I respectfully suggest that this is not a case in which invocation of [sanctions] was warranted." *Robison v. McLeod & Co.*, 59 Va. Cir. 154, 161 (City of Roanoke 2002). To further quote Judge Weckstein from the same opinion, such a request for relief:

> impugns the attorney's professional integrity. It thus should be made only after the most sober consideration. Those who make such a request should, I suggest, satisfy themselves that they had a solid good faith objectively reasonable belief that the opponent's claim is groundless, unreasonable, or frivolous. ... No harm was done here, but I fear that the invocation of [sanctions] has slipped into the "routine" prayers for relief of too many good lawyers.

*Id.* at 162.

I cannot more accurately express my own feelings.

---

[1] Such a structure would be rarely used since the tenant would either (1) not be able to afford such comparatively large lump sums or (2) if able to afford such sums, would purchase such appliances outright by more conventional financing.

## C. *Damages*

Having found that the Virginia Lease-Purchase Agreement Act applies in this case and having had both parties concede that the agreement in this case is in violation of many provisions of the Act and the parties having further agreed that no additional evidence is necessary, Virginia Code § 59.1-207.27 mandates that any violation of the act is subject to the enforcement provisions of the Virginia Consumer Protection Act. Virginia Code § 59.1-196 *et seq*. In turn, Virginia Code § 59.1-204 of the Consumer Protection Act provides that a violation shall permit recovery of actual damages or $500.00, whichever is greater. If the violation is willful, damages may be increased to three times the actual damages or $1,000.00, whichever is greater. In addition, there may also be an award of reasonable attorney's fees and court costs. Despite the conceded violation of the Act and the argument of the plaintiff that such violation is willful, I find no factual basis to support a finding of willfulness in this case. There is also no allegation of the plaintiff's having suffered actual damages in excess of $500.00. Consequently, pursuant to the statute, I find that the plaintiff's statutory damages are $500.00. The same statute permits, but does not mandate, an award of attorney's fees. Without finding that attorney's fees are appropriate in this matter, I ask that plaintiff's counsel submit a certification of his claim for fees, including any written fee agreement and accounting for any monies already paid by plaintiff for attorney's fees, within ten days of date of this correspondence. Defendant's counsel is to submit any objection to such claim within seven days thereafter, and I will then rule on the attorney's fee issue.