<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1301**

CANAL INSURANCE COMPANY,

        Plaintiff - Appellee,

    v.

JAMES M. BARKER, III, d/b/a Barker & Son; DENISE A. PENN;
HOUSTONIA CLYMER,

        Defendants – Appellants,

    and

JUSTIN J. COLVARD,

        Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  James R. Spencer, Chief
District Judge.  (3:07-cv-00339-JRS)

Argued: October 29, 2009        Decided: December 31, 2009

Before SHEDD, Circuit Judge, HAMILTON, Senior Circuit Judge, and
Norman K. MOON, United States District Judge for the Western
District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** John Janney Rasmussen, INSURANCE RECOVERY LAW GROUP,
PLC, Richmond, Virginia, for Appellants.  Marc A. Peritz, MORIN
& BARKLEY, Charlottesville, Virginia, for Appellee.  **ON BRIEF:**

Elliott M. Buckner, CANTOR ARKEMA, PC, Richmond, Virginia, for Appellant Denise A. Penn; Joseph R. Winston, LAW OFFICES OF JOSEPH R. WINSTON, Richmond, Virginia, for Appellant James M. Barker, III, d/b/a Barker & Son; M. Scott Bucci, BUCCI & DIX, Richmond, Virginia, for Appellant Houstonia Clymer.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A truck owned by James M. Barker III, d/b/a Barker & Son ("Barker"), and driven by Justin J. Colvard ("Colvard"), collided with a car, which was driven by Denise A. Penn ("Penn") and carrying Houstonia Clymer ("Clymer") (collectively, "Appellants"). Penn and Clymer were injured in the collision. Canal Insurance Company ("Canal" or "Appellee") brought suit seeking a declaratory judgment as to the policy limits of an insurance policy that Canal issued to Barker. The district court rejected Appellants' contention that Virginia Code § 46.2-2143 or federal regulations would operate to increase the policy's limit to $750,000 through its "Out of State Insurance" provision, and instead granted Canal's Motion for Judgment on the Pleadings that the policy was limited to the face amount of $100,000 listed on its declaration page. We agree and affirm the judgment.

I.

On August 2, 2005, the tractor-trailer driven by Colvard and owned by Barker was traveling southbound on Interstate 85 in Brunswick County, Virginia, when it was involved in the collision with the car carrying Penn and Clymer. Earlier that day, Colvard made a delivery to a location in Petersburg, Virginia, and was "deadheading" (traveling with an empty

3

trailer) at the time of the accident. The following day, Colvard was expected to pick up property in Salisbury, North Carolina and transport it to Elberton, Georgia. Barker and Colvard were both domiciled in Georgia, and Penn and Clymer were both domiciled in New York. Canal is a corporation with its principal place of business in, and organized under the laws of, South Carolina.

Barker had previously purchased an insurance policy from Canal, Basic Automobile Policy No. 447668 ("the Policy"), covering the period between September 2004 and September 2005. The Policy provides on the declaration page that Barker was insured to a $100,000 limit of liability, and Canal offered to pay that amount to satisfy Penn and Clymer's claims arising out of the accident. At issue is the meaning and effect that the Policy's Out of State Insurance provision has on the Policy's liability limit, and specifically whether this provision operates to increase the limit to $750,000, the amount of insurance that Appellants allege is required by Virginia law.[1]

---

[1] The "Out of State Insurance" provision states in pertinent part:

> If, under the provisions of the motor vehicle financial responsibility law or the motor vehicle compulsory insurance law or any similar law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and

(Continued)

4

Canal brought suit, seeking a declaratory judgment that the Policy had a liability limit of the face value of $100,000. Penn and Clymer counterclaimed that Canal owed a duty to indemnify Barker and Colvard at least $750,000 to cover claims arising from the accident. Penn and Clymer argued, inter alia, that Virginia Code § 46.2-2143(B) required that "[a]ll motor carriers shall keep in force at all times insurance . . . in an amount required by this section," and that under subsection (C), that amount of "minimum insurance for motor carriers operating in interstate commerce shall equal the minimum required by federal law, rule, or regulation." Viewed with reference to federal regulations 49 C.F.R. §§ 387.7 and 387.9, which set the minimum level of financial responsibility for interstate motor carriers at $750,000, Penn and Clymer argued that both Virginia law, and federal regulations, operated to increase the Policy's liability limit to $750,000. Canal contended that a holistic reading of the statutory scheme in Virginia regulating motor carriers

---

such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and kinds of coverage afforded by the policy shall be as set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province....

clearly establishes that Virginia Code § 46.2-2143 only applies to motor carriers who are registering in Virginia.

The district court found Canal's interpretation of the statutory scheme in Virginia regulating motor carriers to be more persuasive. J.A. 110. Particularly, the court found this interpretation to be supported by Virginia Code § 46.2-2102(2), which exempts "from this chapter . . . [t]ransportation of property between any point in this Commonwealth and any point outside this Commonwealth or between any points wholly within the limits of any city or town in this Commonwealth." Therefore, the court held that § 46.2-2102(2) exempts the application of Chapter 21 (which includes § 46.2-2143) to motor carriers like Barker who engage in interstate commerce. J.A. 110. The court also found that § 46.2-2143, when read in its entirety, sets forth the requirements for a motor carrier to register in Virginia. J.A. 110-11. The district court was not persuaded by the argument that federal regulations operated, through the Out of State Insurance provision, to increase the Policy's liability limit to $750,000. J.A. 112. Even though Barker was required by federal regulations to show a financial responsibility of $750,000, the court held that Barker was not required to carry insurance and could opt to meet the financial responsibility through one of several ways. J.A. 113-14.

II.

We review de novo a district court's decision to grant judgment on the pleadings. See Burbach Broad. Co. of Del. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002). In reviewing an award of judgment on the pleadings, we assume the facts alleged in the relevant pleadings to be true, and we draw all reasonable inferences therefrom. Volvo Constr. Equip. N. Am. v. CLM Equip. Co., Inc., 386 F.3d 581, 591 (4th Cir. 2004) (citing Elkins Radio, 278 F.3d at 406).

The appellants have raised several issues upon appeal, and we address each in turn.

A.

The principal question raised on appeal is whether the district court erred in its holding that Virginia Code § 46.2-2143 only served to establish financial responsibility requirements for motor carriers who are registered in the state of Virginia, or whether, as Appellants contend, § 46.2-2143 also applies to interstate motor carriers such as Barker. We hold that the district court did not err in its interpretation of the Virginia statute.

The applicable rules of statutory interpretation, to be applied in the interpretation of a Virginia statute, are not in

7

dispute.[2] Where the language of a statute is clear and unambiguous, "a court may look only to the words of the statute to determine its meaning." Hubbard v. Henrico Ltd. P'ship, 255 Va. 335, 339, 497 S.E.2d 335, 337 (1998) (citing Harrison & Bates, Inc. v. Featherstone Assocs., 253 Va. 364, 368, 484 S.E.2d 883, 885 (1997)). Furthermore, it is a "settled principle of statutory construction that every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." Id. at 340-41 (citing Sims Wholesale Co. v. Brown-Forman Corp., 251 Va. 398, 405, 468 S.E.2d 905, 909 (1996)). "Whenever possible, however, it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal. '[A] statute is not to be construed by singling out a particular phrase.'" Virginia Elec. & Power Co. v. Bd. of County Supervisors of Prince William County, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983) (quoting VEPCO v. Citizens, 222 Va. 866, 869, 284 S.E.2d 613, 615 (1981)). "Consequently, courts apply the plain language of a statute unless . . . applying the plain

---

[2] Additionally, as the parties have observed, Canal issued the insurance policy to Barker in Georgia; therefore, the interpretation of the policy is governed by Georgia law. See Res. Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2005).

language would lead to an absurd result." <u>Boynton v. Kilgore</u>, 271 Va. 220, 227, 623 S.E.2d 922, 926 (2006).

The plain terms of Virginia Code § 46.2-2143, when read in their entirety, and even without reference to other sections of the Code, make clear that it is a registration statute. Virginia Code § 46.2-2143(B) provides that "[a]ll motor carriers shall keep in force at all times insurance, a bond or bonds, in an amount required by this section." Furthermore, Virginia Code § 46.2-2143(C) provides that "[t]he minimum insurance for motor carriers operating in interstate commerce shall equal the minimum required by federal law, rule, or regulation." The Appellants conclude that these two subsections of § 46.2-2143, in conjunction with certain federal regulations, operate as an insurance requirement for all motor carriers and not only those registering in Virginia.

However, a reasonable interpretation of Virginia Code § 46.2-2143 must try to reconcile subsection (A) with subsections (B) and (C), in an attempt "to interpret the several parts of a statute as a consistent and harmonious whole." <u>Virginia Elec. & Power Co.</u>, 226 Va. at 388. Subsection (A) provides that "[n]o certificate of public convenience and necessity, permit, identification marker, registration card, or license plate shall be issued by the Department to any vehicle operated by a motor carrier until the motor carrier certifies to the Department that

9

the vehicle is covered" under one of four different listed methods of coverage. In addition, subsection (A) provides that motor carriers who have filed proof of financial responsibility "in accordance with the single state registration system authorized by 49 U.S.C. § 14504 or the unified carrier registration system authorized by 49 U.S.C. § 14504a are deemed to have fulfilled the requirements of this article for insurance purposes," so long as the motor carrier has on board a federally-authorized receipt of insurance. Only after § 46.2-2143 explains the prerequisites for registering a motor carrier in Virginia with the Department of Motor Vehicles does the statute reach the issues of the types of financial responsibility, when financial responsibility is required, and in what amount.

Importantly, it is not just subsection (A) that couches motor carrier insurance and financial responsibility obligations in the context of registration. Virginia Code § 46.2-2143(C) also provides as follows:

> Any motor carrier that meets the minimum federal financial responsibility requirements and also operates in intrastate commerce may submit, in lieu of a separate filing for its intrastate operation, proof of the minimum federal limits, provided that (i) both interstate and intrastate operations are insured, (ii) the public liability filed is at least $750,000, and (iii) any cargo insurance requirements of this section have been met.

10

This language, in light of the rest of the statute, is reasonably read as an alternative means of filing proof of financial responsibility with the Virginia Department of Motor Vehicles prior to its issuance of motor carrier registration for carriers operating on an interstate and intrastate basis.

A clear indicator that Virginia Code § 46.2-2143 is a registration statute, although one that did not form the basis of the district court's opinion, is the title of that statutory section: "Surety bonds, insurance, letter of credit or securities required prior to issuance of registration; amounts." (emphasis added). The Appellants place emphasis upon the article in which § 46.2-2143 is situated ("Insurance Requirements") as contrasted with the chapter in which its statutory predecessor was situated ("Titling and Registration of Motor Vehicles"). Appellants' Br. at 10-12. However, Appellants ignore the title of the statutory section, which is the more specific statutory interpretive marker. It is clear that "[t]he purpose of a title is to state the general subject covered by the act. While not a part of the act itself, it may be read to ascertain the act's purpose." Jakabcin v. Town of Front Royal, 271 Va. 660, 667 n.3, 628 S.E.2d 319, 323 (2006) (citing authorities). In this case, as the section title indicates, the general subject of Virginia Code § 46.2-2143 concerns the financial responsibility

11

requirements for motor carriers prior to the issuance of registration from the Virginia Department of Motor Vehicles.

Looking outside the provisions of § 46.2-2143, we agree with the district court that a "comprehensive reading of the pertinent sections of Chapter 21 supports Canal's interpretation of the § 46.2-2143." J.A. 110. Most applicable is § 46.2-2101(2), which provides that "[t]he following are exempt from this chapter . . . [t]ransportation of property between any point in this Commonwealth and any point outside this Commonwealth or between any points wholly within the limits of any city or town in this Commonwealth." In connection with § 46.2-2102, which states that "[n]o motor carrier shall operate any motor vehicle for the transportation of property for compensation on any highway in this Commonwealth on an intrastate basis except in accordance with the provisions of this chapter," this statutory scheme clearly regulates motor carriers operating on an intrastate basis, but not those operating on an interstate basis or operating entirely within city or town limits.

We hold that Virginia Code § 46.2-2143 is a registration statute that sets forth the financial responsibility and insurance requirements before the Department of Motor Vehicles can issue registration for a vehicle operated by a motor carrier. As Barker was under no obligation to register the

12

tractor-trailer involved in this accident in Virginia, and instead had registered and principally garaged it in another state, § 46.2-2143 does not apply to Barker. Therefore, § 46.2-2143 does not require the liability limit of the Policy, through its Out of State Insurance provision, to be increased above the $100,000 face value of the Policy.

B.

A separate question, although one related to the interpretation of Virginia Code § 46.2-2143, concerns the effect and application of the § 46.2-2101(2) exemption to the present circumstances. The exemption under § 46.2-2101(2) from "this chapter" means an exemption from Chapter 21 ("Regulation of Property Carriers"), which includes § 46.2-2143.

The Appellants contend that "Barker did not even fall within section 2101's literal exemption. . . . If Barker's truck was empty, it did not fall within section 2101 when the accident happened, as the truck had finished transporting property into Virginia and would not transport property again until after it left the state." Appellants' Reply Br. at 6-7. We disagree that the term "transportation of property," as found in § 46.2-2101(2), would have such a narrow definition that it would not cover Barker's carrying property into Virginia from out of state, and then "deadheading" (traveling with an empty trailer) back out of state. See Black's Law Dictionary 1638 (9th

13

ed. 2009) (defining "transportation" as the "movement of goods or persons from one place to another by a carrier"). A common sense interpretation of the exemption for "transportation of property between any point in this Commonwealth and any point outside this Commonwealth" must include both the trip into the Commonwealth to unload property, and the return trip with an empty truck. Under the present facts, where Barker's truck had delivered property to Petersburg, Virginia earlier that day, and was "deadheading" back to North Carolina for a scheduled pickup, Barker falls within the § 46.2-2101(2) exemption from Chapter 21.

Appellants further argue that § 46.2-2143 and § 46.2-2101(2) are, in effect, in conflict concerning whether Virginia law specifically requires "motor carriers operating in interstate commerce" to keep "minimum insurance" as set forth in Section 2143. Appellants' Br. at 16. Therefore, they conclude, "the specific should control the general," and "Section 2101 should not apply to exempt interstate motor carriers from section 2143." Id. However, "[i]n a situation where one statute speaks to a subject generally and another deals with an element of that subject specifically, the statutes will be harmonized, if possible, and if they conflict, the more specific statute prevails." Crawford v. Haddock, 270 Va. 524, 528, 621 S.E.2d

14

127, 129 (2005) (internal quotation marks omitted)(emphasis added).

We hold that the most natural reading of the applicable statutes makes clear that they form a harmonious statutory scheme. We held above that Virginia Code § 46.2-2143 is a registration statute that did not apply to Barker, and therefore there is no conflict between this statute and § 46.2-2101(2). Virginia's statutory scheme makes doubly clear through its exemption in § 46.2-2101(2) that Barker was not required to carry insurance in the amount of $750,000.

C.

The Appellants challenge the district court's holding that the federal financial responsibility regulations, standing alone, do not require Barker to maintain $750,000 in insurance. J.A. 112-15. The applicable federal regulations provide that the motor carrier's financial responsibility requirement can be proven by obtaining: (1) liability insurance which includes a MCS-90 endorsement; (2) a Form MCS-82 surety bond; or (3) written authorization to self-insure from the Federal Motor Carrier Safety Administration. See 49 C.F.R. § 387.7(d). The federal financial responsibility regulations cannot be said to require a motor carrier to maintain a minimum of $750,000 in insurance, where a motor carrier opts not to use insurance to fulfill such requirements. It is undisputed that Barker was not

using the Policy to fulfill the federal financial responsibility requirements, as the Policy does not contain a MCS-90 endorsement. We hold then that the district court did not err in its finding that federal financial responsibility regulations did not require Barker to maintain $750,000 in insurance. Furthermore, the language of the Out of State Insurance provision is not susceptible to an interpretation whereby federal law, on its own, would trigger its application.

D.

Finally, Appellants argue that, because Penn and Clymer never admitted to the accuracy of the policy attached to Canal's complaint when it brought suit, the district court could not enter a judgment on the pleadings.

Both parties to the Policy, Barker and Canal, agree that the copy attached to the complaint is a true and complete copy of the Policy. See J.A. 13, 81. However, Penn and Clymer suggest that the policy copy attached to the complaint is not complete and accurate, on the basis of two signed endorsements produced by First Southern Insurance Agency (apparently acting as insurance agent to Barker) that were not included therein. See J.A. 101-02.

Had Appellants' allegations or their accompanying documents contained some basis for belief that the Policy attached to the complaint was not a complete and accurate copy of the Policy

16

that was in effect at the time of the accident, this argument might have gained some traction. One endorsement cited by Appellants has an "Endorsement Effective Date" of September 9, 2005, and an "Issue Date" of September 21, 2005. J.A. 101. The other has an "Endorsement Effective Date" of September 3, 2005, and an "Issue Date" of September 19, 2005. J.A. 102. The two endorsements concern the schedule of insured equipment, and both endorsements also clearly provide "ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED." J.A. 101-02 (capitalization in original). As the Appellants provided no more than a basis for belief that subsequent changes were made to the Policy after the date of the accident on August 2, 2005, and there being no basis to doubt the true and complete nature of the policy copy attached to Canal's complaint as of the date of the accident, the district court properly granted Canal's Motion for Judgment on the Pleadings.

III.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

17