## Richmond

HARTFORD ACCIDENT & INDEMNITY COMPANY

V.

FIDELITY & GUARANTY INSURANCE UNDERWRITERS, INCORPORATED

June 18, 1982.

Record No. 810499.

Present: All the Justices.

*Harold M. Walker, Jr. (Mountfort, Furr, Dowler & Jackson,* on brief), for appellant.
*William M. Sokol (R. Scott Pugh; Sokol, Ledbetter & Haley,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

In this appeal, the appellant insurance company concedes that it owes coverage on a workmen's compensation claim but contends that, contrary to the Industrial Commission's award, the appellee insurance company is jointly liable. We affirm the award.

Appellee Fidelity Guaranty & Insurance Underwriters, Incorporated, issued the employer an insurance policy effective February 22, 1979. The policy period was scheduled to expire February 22, 1980, but Fidelity renewed the term for another year.[1] On April 1, 1980, Fidelity notified the employer that its policy was cancelled for non-payment of premium effective April 11, 1980. However, Fidelity failed to notify the Commission as required by Code § 65.1-105.[2]

---

[1] By assignment of cross-error, Fidelity questions the Commission's finding that it had renewed its policy. In the view we take of the case, it is unnecessary to consider this question.

[2] The statute provides in part as follows:

Shortly after the employer received notice of cancellation, it obtained an insurance binder from appellant Hartford Accident & Indemnity Company. Hartford's binder was in full force and effect on June 2, 1980, the date of the industrial accident out of which this controversy arose.

The injured employee filed a claim, and the hearing commissioner entered an award against both Fidelity and Hartford. Upon its own motion, the full Commission convened a hearing "to resolve the coverage question". In a final award, the Commission ruled that Hartford alone was liable.

Hartford maintains that Fidelity's failure to comply with the statutory notice provisions defeats its attempt to cancel its policy, that coverage under that policy remained in effect on the date of the industrial accident, and that Fidelity is jointly liable on the employee's claim.

Hartford raises a question of first impression in this Court. Because of the diversity of statutory provisions and judicial opinions in other jurisdictions, we find little foreign authority to guide us in our decision. *Neeman* v. *Otoe County,* 186 Neb. 370, 183 N.W.2d 269 (1971). Our decision rests upon what we perceive to be legislative intent.

Our analysis begins with the premise, repeatedly affirmed in our decisions, that the Workmen's Compensation Act was adopted for the protection of workers and their dependents. An employer subject to the Act must be and remain insured or self-insured. Code § 65.1-104.1. Code § 65.1-105 recognizes an insurer's right to cancel coverage for business reasons, but it requires the insurer to postpone the effective date of cancellation for a period of 10 or 30 days. The notice and delay requirements serve two functions. They give the employer an opportunity to acquire other insurance; and they make it possible for the Commis-

Every employer who . . . has . . . cancelled his insurance . . . shall immediately notify the Industrial Commission of such cancellation . . .; and every insurance carrier . . . shall in like manner notify the Industrial Commission immediately upon the cancellation of any policy issued by it . . . under the provisions of [the Workmen's Compensation] Act . . . .

No policy of insurance . . . issued under the provisions of this Act . . . shall be cancelled by the insurer issuing such policy . . . except on thirty days' notice to the employer and the Industrial Commission, unless the employer has obtained other insurance and the Industrial Commission is notified of that fact by the insurer assuming the risk, or unless said cancellation is for nonpayment of premiums; then ten days' notice shall be given the employer and Industrial Commission.

sion timely to invoke its enforcement authority under § 65.1-106. As we construe this statutory scheme, the legislative intent was to protect the worker against a lapse in his employer's insurance coverage.

█ If the employer in this case had not been covered by other insurance at the time of the accident and the claimant had asserted the statutory interpretation Hartford urges, we would hold that Fidelity's violation of the notice requirement would defeat its attempt to cancel and, in such event, that Fidelity would be liable on the employee's claim. But coverage did not lapse, the interests of the injured worker were protected under Hartford's binder, and the legislative goal was achieved.

The Commission concluded that Hartford, having insured the risk for an agreed premium, should bear the loss alone, and we agree. The award will be affirmed.

*Affirmed.*