### Richmond

AMERICAN MUTUAL FIRE INSURANCE CO.

v.

GEORGE CLIFFORD BARLOW

No. 0761-86

Decided July 7, 1987

COUNSEL

Roger L. Williams (Sands, Anderson, Marks & Miller, on brief), for appellants.

No brief or argument for appellee.

OPINION

**COLE, J.** — The appellant, American Mutual Fire Insurance Company, appeals a decision of the Industrial Commission finding that the cancellation notice requirements of Code § 65.1-105[1] were not met and extending coverage to the claimant, George Clifford Barlow. In this appeal, the appellant contends that mailing its notice dated November 13, 1984, cancelled its workmen's compensation insurance policy providing coverage to Barlow Construction Company effective November 28, 1984, for nonpayment of premium. For the reasons stated below, we disagree and affirm the ruling.

The facts of this case are not in dispute. American Mutual Fire Insurance Company issued to Barlow Construction Company a policy providing workmen's compensation insurance coverage for the period August 22, 1984, to August 22, 1985. On November 13, 1984, American Mutual sought to cancel its policy effective November 28, 1984, for nonpayment of premium. An appropriate cancellation notice was sent by certified mail on

---

[1] Code § 65.1-105 provides, in pertinent part:

No policy of insurance hereafter issued under the provisions of this Act . . . shall be cancelled by the insurer issuing such policy . . . except on 30 days' notice to the employer and the Industrial Commission, unless the employer has obtained other insurance and the Industrial Commission is notified of that fact by the insurer assuming the risk, or unless said cancellation is for nonpayment of premiums; then 10 days' notice shall be given the employer and the Industrial Commission.

November 13, 1984, to Claude D. Barlow, William D. Floyd, insurance agent for Barlow Construction Company, the Industrial Commission of Virginia, and the South Atlantic Council on Compensation Insurance. Neither the Industrial Commission of Virginia nor the South Atlantic Council on Compensation Insurance received the cancellation notice.

On June 24, 1985, George Clifton Barlow suffered a heat stroke and on February 6, 1986, filed his application for hearing with the Industrial Commission. A hearing before a deputy commissioner was held April 14, 1986, and the only issue presented was whether there was coverage under the policy. The deputy commissioner held that the policy was not properly cancelled and, therefore, coverage was provided to Barlow Construction Company. Upon review, the full commission affirmed this holding.

In deciding this case, we must first determine whether it is mandatory under the statute that the carrier give notice to the Industrial Commission to effectively cancel its policy. If we conclude that such notice is required, we must then decide whether the language of Code § 65.1-105, "ten days' notice shall be given . . . the Industrial Commission," means that the cancellation notice must actually be received to render the cancellation effective or whether mailing the notice is sufficient compliance with the statute.

We commence our consideration of these issues with the premise that the Workers' Compensation Act is to be liberally construed for the benefit of employees and their dependants. *City of Waynesboro v. Harter*, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985). The commission's construction of the Act is entitled to great weight on appeal. *Meade v. Clinchfield Coal Co.*, 215 Va. 18, 19, 205 S.E.2d 410, 411 (1974). In the matter of policy cancellation, the commission has consistently held that the carrier must give the statutory notice if it is to effectively cancel the policy. *American Casualty Co. v. Pacific Employers Insurance Co.*, 33 O.I.C. 73, 75 (1951). The notice and delay provisions of Code § 65.1-105 give the employer an opportunity to secure insurance with another carrier; they also provide the commission an opportunity to carry out the enforcement duties imposed upon it in Code § 65.1-106. *Hartford Accident & Indemnity Co. v. Fidelity & Guaranty Insurance Underwriters, Inc.*, 223 Va. 641, 643-44, 292 S.E.2d 327, 328 (1982).

"Where statutory provisions require notice to a government agency in order to effect a cancellation of a policy, such notice must be given to effect a cancellation, and conversely there is no cancellation when notice is given merely in accordance with the provisions of the policy." 17 Couch on Insurance 2d § 67:88 (1983); *see also American Mutual Liability Ins. Co. v. Industrial Commission*, 342 Ill. 605, 174 N.E. 905 (1930); *Armand v. Hurst*, 83 Ind. App. 594, 149 N.E. 371 (1925); *Phillips v. Iron County*, 273 Mich. 157, 262 N.W. 656 (1935); *Preferred Accident Ins. Co. v. Van Dusen*, 202 Okla. 124, 210 P.2d 341 (1949).

█ We conclude that the requirement of Code § 65.1-105 that notice be given to the Industrial Commission is not just an administrative convenience, but a mandatory provision that must be complied with for a carrier to effectively cancel a workmen's compensation policy.

Where a policy of insurance provides for cancellation upon advance notice to the insured, the rule generally recognized is that "actual receipt of the insured of such notice is a condition precedent to a cancellation of the policy by the insurer." *See* Annot., 64 A.L.R.2d 982 (1959).

Where a cancellation of a policy is not effective immediately or as of a fixed date, but rather is to take effect a number of days after such notice is given, the time of receipt of the notice is the significant date in determining when the period begins to run. In applying this principle, it has been held that a policy requiring five days' written notice for effective cancellation means five days from the receipt of such notice by the insured.

17 Couch on Insurance 2d § 67:189 (1983); *see also id.* at § 67.87.

In *Smith v. Municipal Mutual Ins. Co.*, 169 W.Va. 296, 289 S.E.2d 669 (1982) the issue was whether the notice involving a fire insurance policy constituted an effective cancellation. The West Virginia statute provided that "[t]he company may cancel any policy, upon at least five days' written notice to the holder." The court held: "Given the clear legislative intent in the wording of Code 32-22-15 [1957] to provide an insured with at least five days' notice before a cancellation becomes effective, we interpret

the statutes to mean that there must be actual notice made to the insured." *Id.* at 298, 289 S.E.2d at 670; *see also Black v. Fidelity & Guaranty Insurance Underwriters, Inc.*, 582 F.2d 984 (5th Cir. 1978); *Phillips v. Detroit Automobile Inter-In-surance Exchange*, 69 Mich. App. 512, 518, 245 N.W.2d 114, 116 (1976).

The same issue was presented in *Rocque v. Co-operative Fire Insurance Association of Vermont*, 140 Vt. 321, 438 A.2d 383 (1981). The Supreme Court of Vermont stated: " 'Giving notice' is not the same requirement as 'mailing notice' and demands more. Even when facts show that a cancellation notice was mailed to the insured, if the policy demands that notice be 'given' and the notice was never received, the notice is ineffective as a valid cancellation." *Id.* at 325, 438 A.2d at 386 (citations omitted).

The appellant relies heavily upon *Ampy v. The Metropolitan Casualty Insurance Company of New York*, 200 Va. 396, 105 S.E.2d 839 (1958) to support its position that the mailing of notice is sufficient to effectively cancel its policy. However, we do not agree with this argument. *Ampy* involved construction of Code § 38.1-381.1 requiring written notice of cancellation by an insurer to an insured under the provisions of an automobile liability insurance policy. The statute provided the manner for cancelling the policy and this provision was embodied in the policy itself. The Supreme Court held that "[t]he notice of cancellation was mailed in accordance with the terms of the policy and the statute, and it was not necessary that the defendant prove that the insured received it." *Ampy*, 200 Va. at 401, 105 S.E.2d at 844. This holding is clearly distinguishable from the case before us.

We conclude that Code § 65.1-105, requiring that "ten days' notice shall be given . . . the Industrial Commission," demands that the notice be actually received by the commission to constitute an effective cancellation. Since the Industrial Commission did not actually receive the notice, the policy was never effectively cancelled.

For the foregoing reasons, we affirm the decision of the Industrial Commission.

*Affirmed.*

Barrow, J., and Duff, J., concurred.