## Salem

PENNSYLVANIA MANUFACTURERS ASSOCIATION
INSURANCE COMPANY

v.

DEWEY JACKSON WALDRON, JR.

and

PROPERTY IMPROVEMENT COMPANY

No. 1630-92-3

Decided August 31, 1993

COUNSEL

Richard D. Lucas (William H. Fralin, Jr.; Woods, Rogers & Hazlegrove, on briefs), for appellant.

Kenneth C. King, Jr. (Steven L. Higgs; King & Higgs, P.C., on brief), for appellee.

OPINION

**KOONTZ, J.**—Pennsylvania Manufacturers Association Insurance Company (PMA) appeals from a decision of the Workers' Compensation Commission (commission), finding that its insurance coverage was in effect on June 22, 1991, when Dewey Jackson Waldron, Jr. (claimant) sustained an injury by accident. PMA contends that the commission erred in finding that PMA failed to comply with the notice provisions of Code § 65.2-804 (former Code § 65.1-105), and in extending insurance coverage for an additional thirty days. We agree and reverse.

On March 29, 1991, Property Improvement Company (employer) entered into an insurance premium finance agreement with Cananwill Consumer Discount Company (Cananwill) to finance its workers' compensation insurance. Pursuant to this agreement, Cananwill would advance the premium payments to the eventual insurer. The agreement also appointed Cananwill as employer's attorney-in-fact, authorizing it to cancel the policy in the event employer defaulted. Coverage was obtained through a policy issued by PMA for the period March 30, 1991 to March 30, 1992.

On May 7, 1991, Cananwill mailed employer a "Notice of Intent to Cancel," stating that employer was delinquent in its premium payments and that unless the payments were received by May 24, 1991, the policy would be canceled. Cananwill sent employer a "Notice of Cancellation" on May 29, 1991, indicating that the policy had been canceled, effective June 3, 1991. By letter dated June 6, 1991, PMA informed employer that the policy had been canceled. PMA mailed a "Cancellation Notice" (Form 45H) to the commission on June 19, 1991, which was received on June 24, 1991.[1] In this notice, PMA listed June 3, 1991, as the effective date of cancellation and placed an "X" next to the term "Short Rate." However, PMA did not fill in the section of the form requesting an explanation "[i]f thirty days notice prior to effective date of cancellation not given." The commission's insurance department determined the effective date of cancellation as July 23, 1991, thirty days after receipt of PMA's cancellation notice.

On August 5, 1991, claimant filed an Application for Hearing with the commission, alleging an injury by accident on July 22, 1991. PMA defended the claim, in part, on the ground that its insurance coverage was not in effect on the date of the alleged accident because it had been canceled at employer's request, pursuant to Code § 65.2-804(A).

The deputy commissioner awarded benefits to claimant for an injury by accident. The deputy commissioner entered the award against PMA, finding that PMA had not properly canceled the insurance policy in question at the time of the accident. The deputy commissioner stated:

> While we are . . . cognizant of the cancellation mechanism apparently in effect between the insured and the finance company, and although we are mindful of the provisions of Code § 65.2-804(A)(1), we are of the opinion that the explanatory portion of the "Cancellation Notice" constitutes, in and of itself, a request "by the [commission] . . . that a carrier . . . set forth its reasons for cancellation." The need for an explanation is equally

---

[1] The commission's opinion explains the purpose of Form 45H:
[T]he Commission, pursuant to Code § 65.1-22 (now § 65.2-201(D)) publishes and promulgates a standard form for the use of employers and carriers to promote the efficient administration of the Act. Commission Standard Form 45H is to be used by all insurance carriers . . . to report a policy cancellation to the Commission and to the National Commission on Compensation Insurance (NCCI). PMA used the form language of Form 45H in its notice to the Commission . . . .

applicable to cancellation by the insurer for non-payment of premiums, or by the insured. We do not view the placement of an "X" after the term "Short Rate" to be an acceptable substitute for a verbal explanation as to the reason for the cancellation, and, accordingly, we are of the opinion that the Commission's administrative determination that the policy was not properly cancelled until July 23, 1991 was correct.

PMA appealed this decision to the full commission.[2] The commission affirmed the decision, holding that "employer's insurance carrier did not give the Commission requested information."

We hold that the Commission, as standard policy, considers a cancellation by an insurance carrier to be effective thirty days after receipt of notice of cancellation unless the carrier provides an answer to the specific question posed on cancellation Form 45H and advises that the cancellation is for nonpayment of premium. In practice, the requested information is vital to determination as to whether immediate action must be taken by the Commission staff to require an employer to reinstitute coverage.

The issue before us concerns the proper application of the cancellation provisions of Code § 65.2-804 in this case. Specifically, we must determine whether Code § 65.2-804 requires an insurer to set forth the reasons for cancellation of a workers' compensation insurance policy when the employer, rather than the insurer, cancels the policy.

■ The notice and delay requirements of Code § 65.2-804 protect the worker against a lapse in his employer's insurance coverage where a workers' compensation insurance policy is canceled by giving the employer an opportunity to acquire other insurance and by giving the commission the opportunity to timely invoke its enforcement authority. *Hartford Accident & Indem. Co. v. Fidelity & Guar. Ins. Underwriters, Inc.*, 223 Va. 641, 643-44, 292 S.E.2d 327, 328 (1982). Code § 65.2-804(A)(1) sets forth the notice requirements upon cancellation of a workers' compensation insurance policy:

Every employer who has . . . cancelled his insurance . . . shall immediately notify the . . . Commission of such cancellation, the date thereof and the reasons therefor. Every insurance carrier . . . shall in like manner notify the . . . Commission immediately upon

---

[2] Although employer originally filed an appeal, it later withdrew, thereby making the injury by accident issue a final determination.

the cancellation of any policy issued by it . . . under the provisions of this title, except that a carrier . . . need not set forth its reasons for cancellation unless requested by the . . . Commission.

Subsection B of this provision sets forth the delay provisions for cancellation of insurance by the *insurer*:

No policy of insurance . . . shall be cancelled by the insurer issuing such policy . . . except on thirty days' notice to the employer and the . . . Commission, unless the employer has obtained other insurance and the . . . Commission is notified of that fact by the insurer assuming the risk, or unless said cancellation is for nonpayment of premiums; then ten days' notice shall be given the employer and the . . . Commission.[3]

██ The language of this statute is clear and unambiguous. When employer cancels the insurance policy, employer must notify the commission of the date and reasons for cancellation. Code § 65.2-804(A)(1). The insurer has a corresponding duty to notify the commission upon cancellation of an insurance policy issued by it, but is not required to set forth "its reasons" for cancellation, unless such reasons are "requested" by the commission. *Id.* The language "its" refers to the reasons that the insurer had for canceling the policy. Accordingly, an insurer has a duty to set forth "its reasons" for cancellation, upon "request," only when it cancels the insurance policy. Indeed, when insurer cancels the policy, it then has verifiable information regarding the reason for cancellation. When the insurer cancels the policy, it must provide thirty days' notice to employer and the commission. Code § 65.2-804(B). However, only ten days' notice is required before insurer may cancel a policy if the commission has

---

[3] Code § 65.2-804(B) was amended in 1993 to read:

No policy of insurance hereafter issued under the provisions of this title, nor any membership agreement in a group self-insurance association, shall be cancelled *or nonrenewed* by the insurer issuing such policy or by the group self-insurance association cancelling *or nonrenewing* such membership except on thirty days' notice to the employer and the Workers' Compensation Commission, unless the employer has obtained other insurance and the Workers' Compensation Commission is notified of that fact by the insurer assuming the risk, or unless, *in the event of cancellation*, said cancellation is for nonpayment of premiums; then ten days' notice shall be given the employer and the Workers' Compensation Commission. (emphasis added).

The amended version of this provision does not affect our analysis. *See Island Creek Coal Co. v. Breeding*, 6 Va. App. 1, 10, 365 S.E.2d 782, 787 (1988) ("[t]he right to compensation in cases of accidental injury is governed by the law in effect at the time of the injury").

notice that employer has obtained other insurance or if cancellation is for nonpayment of insurance premiums. *Id.*

Here, employer, not PMA, canceled the insurance policy. Employer financed its compensation indebtedness with Cananwill, a finance company, authorizing Cananwill to cancel the policy in the event of default. When employer defaulted by becoming delinquent in its premium payments to Cananwill, Cananwill notified both employer and PMA that the policy had been canceled effective June 3, 1991. Therefore, employer canceled the policy through Cananwill, its attorney-in-fact.

■ Under Code § 65.2-804(A)(1), when employer canceled the insurance policy, PMA had a duty to notify the commission of cancellation. On June 19, 1991, PMA mailed a notice of cancellation to the commission. PMA complied with its statutory duty as of June 24, 1991, when the commission received the notice of cancellation. *See American Mut. Fire Ins. Co. v. Barlow*, 4 Va. App. 352, 356, 358 S.E.2d 184, 187 (1987) (actual receipt of the notice is required for effective cancellation). The plain language of the statute does not require the insurer to set forth the reasons for cancellation where employer cancels the insurance policy. Because employer canceled the policy, PMA had no duty to provide the commission "its reasons" for cancellation, and the commission erred in holding that it was required to do so.

■ Based upon its finding that PMA failed to provide the reasons for cancellation, the commission extended the period of coverage for thirty additional days pursuant to Code § 65.2-804(B). However, the thirty day notice provision in subsection (B) applies only where insurance is "cancelled by the insurer." Because employer canceled the insurance policy, PMA had no obligation to provide employer and the commission thirty days' notice of cancellation, and the commission erred in extending coverage for thirty days as a penalty against PMA for failing to state "its reasons" for cancellation.[4]

---

[4] The commission stated that it has a "standard policy" of making an insurer's cancellation of an insurance policy effective thirty days after receipt of notice of cancellation unless the insurer provides an answer to the question on Form 45H and states that cancellation is for nonpayment of premiums. Because we find that the insurer, PMA, did not cancel the insurance policy, we do not address the validity of this "policy."

For these reasons, the commission's finding that insurance coverage was in effect at the time of claimant's injury on July 22, 1991 is reversed.

*Reversed.*

Coleman, J., and Bray, J., concurred.