2132

Tony D. AXSON and Loraine F. Axson, Secondary Appellants v. A. MORTGAGE COMPANY, INC., Unisun Insurance Company, Inc., and H.C. McCain Agency, Inc., Defendants, Of Whom H.C. McCain Agency, Inc. is, Primary Appellant, and A. Mortgage Company, Inc. is, Secondary Appellant, And Unisun Insurance Company, Inc., is, Respondent. Appeal of H.C. McCAIN AGENCY, INC., Primary Appellant.

(441 S.E. (2d) 193)

Court of Appeals

*Charles R. Norris* and *Ronald C. Scott*, Columbia, *Eugene L. Ott*, Orangeburg, *for appellants*.

*Jeter E. Rhodes, Jr.* and *John C. Bradley, Jr.*, Columbia, *for respondent*.

Heard Jan. 11, 1994.

Decided Feb. 7, 1994. Reh. Den. Mar. 17, 1994.

SHAW, Judge:

This is an insurance coverage case. The trial judge granted summary judgment to the insurance company, holding that S.C. Code Ann. § 38-75-740 (1989) on nonrenewal of the homeowner's policy was not applicable. The only issue on appeal is the applicability of this statute to the undisputed facts of this case. We affirm the grant of summary judgment to the respondent.

## FACTS

The controlling facts in this case are undisputed. The Axsons are homeowners who bought a house with mortgage financing. The original mortgage company required the homeowners to obtain insurance and further required them to pay the insurance premium into escrow as part of their mortgage payment, with the mortgage company being responsible for making the premium payments to the insurance company. The original mortgage company, C.W. Haynes & Company, assigned the mortgage to Americas Mortgage Company who then assigned it to A. Mortgage Company. The Axson's insurance agency, H.C. McCain Agency, Inc., obtained the required coverage with Unisun Insurance Company.

The policy at issue was a one-year policy that expired by its own terms on September 15, 1991. On July 21, 1991, the insurance company mailed an offer to renew the policy for an additional year to Americas Mortgage, the H.C. McCain Agency, and the Axsons. The renewal notice stated the premium due and the due date of September 15, 1991, and further stated that "if paid, the policy can be renewed." There is no claim of nonreceipt, and it is undisputed that Unisun did not receive a premium payment on the due date.

On September 28, 1991, having received no acceptance of or payment of the renewal offer, the insurance company mailed a "lapse notice" stating that the policy was not renewed and all coverages lapsed on September 15, 1991. Thereafter, on October 7, 1991, A. Mortgage Company mailed a premium payment to the insurance company, but it was rejected and returned by the insurance company on October 17, 1991. On October 27, 1991, the Axsons' house burned, resulting in a complete loss. Unisun refused coverage for the loss, and the Axsons commenced the present action.[1]

The undisputed fact giving rise to the present controversy is that the insurance company did not mail a "nonrenewal notice" pursuant to S.C. Code Ann. § 38-75-740 (1989). It is the fundamental position of all three appellants that the insurance company, despite having made a valid offer of renewal[2] and despite not receiving any acceptance or payment of the renewal offer, had to thereafter give notice of nonrenewal under § 38-75-740. Since the insurance company did not issue a "nonrenewal notice," all appellants contend the insurance policy remained in effect at the time of the fire. We disagree.

S.C. Code Ann. § 38-75-740 (1989) provides in pertinent part:

> (a) No insurance policy may be *nonrenewed by an insurer* except in accordance with the provisions of this section, any nonrenewal attempted which is not in compliance with this section is ineffective.

---

[1] The homeowners also sued the mortgage company and the insurance agent under various theories. The present appeal does not involve any of these issues, and we express no opinion on them.

[2] The requirements of renewal offers are set forth in S.C. Code Ann. § 38-75-750 (1989). There is no argument on appeal that the renewal offer in the present case did not comply with these requirements.

(b) A policy written for a term of one year or less may be *nonrenewed by the insurer* at its expiration date by giving or mailing written notice of nonrenewal to the insured and the agent of record, if any, not less than thirty days prior to the expiration date of the policy.

(Emphases added.)

We agree with the trial judge that § 38-75-740 does not apply to the case at hand. The policy was not "nonrenewed by the insurer." "Nonrenewal" means termination of a policy at its expiration date. S.C. Code Ann. § 38-75-720(5) (1989). However, the insurer took steps to renew the policy. *See* S.C. Code Ann. § 38-75-720(1) (1989) ("Renewal" or "to renew" means the issuance of or the *offer* to issue by an insurer a policy succeeding a policy previously issued and delivered. . .). It was the insured who nonrenewed the policy by failing to timely remit the premium.

Accordingly, we hold, where an insurer issues proper notice of an offer to renew and the insured fails to take the necessary steps to accept the offer, the policy has been nonrenewed by the insured, not the insurer, and the requirements of § 38-75-740 are inapplicable.

For the foregoing reasons, the order granting summary judgment to the insurance company is

Affirmed.

CURETON and GOOLSBY, JJ., concur.