Tuesday                5th

June, 2007.


Travelers Property Casualty Company of America,                Appellant,

  against        Record No. 1056-06-1
                 Claim No. 220-77-37

Leslie C. Ely, Graycon, Inc., J.F. Schoch Building
  Corporation and Building Insurance Association, Inc.,        Appellees.

Travelers Property Casualty Company of America,                Appellant,

  against        Record No. 1057-06-1
                 Claim No. 221-88-76

Matthew L. Bailey, Willie M. Thomas Home
  Improvements and Uninsured Employer's Fund,                  Appellees.


Upon a Rehearing En Banc

Before Chief Judge Felton, Judges Benton, Elder, Frank, Humphreys, Clements,
Kelsey, Haley, Petty, and Beales


> Gerard E.W. Voyer (Audrey Marcello; Taylor & Walker, P.C., on brief),
> for appellant.

> Andrew R. Blair (Blair Law Offices, on brief), for appellees J.F. Schoch
> Building Corporation, Building Insurance Association, Inc. and Uninsured
> Employer's Fund.

> Lisa Frisina Clement (Kari Lou Frank; PennStuart, on brief), for appellee
> Willie M. Thomas Home Improvement.

> No brief or argument for appellees Leslie C. Ely, Graycon, Inc., or
> Matthew L. Bailey.


By opinion dated February 6, 2007, a divided panel of this Court affirmed the decision of the

Virginia Workers' Compensation Commission. Travelers Property Cas. of Amer. v. Ely, 49 Va. App.

271, 640 S.E.2d 520 (2007). On March 13, 2007, we granted rehearing *en banc*, vacated the panel

opinion, and stayed the mandate entered on that date. Upon rehearing *en banc*, the commission's decision is affirmed without opinion by an evenly divided Court. Accordingly, the Court's February 6, 2007 mandate is vacated. The appellant shall pay to appellees Leslie C. Ely and Matthew L. Bailey damages according to law.

Judges Elder, Frank, Humphreys, Petty, and Beales voted to affirm the commission's decision.

Chief Judge Felton, Judges Benton, Clements, Kelsey, and Haley voted to reverse the commission's decision.

This order shall be published and certified to the Virginia Workers' Compensation Commission.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

# *VIRGINIA:*

*In the Court of Appeals of Virginia on* **Tuesday** *the* **13th** *day of* **March, 2007**.

Travelers Property Casualty Company of America,                                                                 Appellant,

against                   Record No. 1056-06-1
                          Claim No. 220-77-37

Leslie C. Ely, Graycon, Inc. and
  J. F. Schoch Building Corporation and Building Insurance Association, Inc.,                 Appellees.


Travelers Property Casualty Company of America,                                                                 Appellant,

against                   Record No. 1057-06-1
                          Circuit Court No. 221-88-76

Matthew L. Bailey,
  Willie M. Thomas Home Improvements and
  Uninsured Employers' Fund,                                                                                         Appellees.

Upon a Petition for Rehearing En Banc

Before the Full Court

On February 16, 2007 came the appellant, by counsel, and filed a petition requesting that the

Court set aside the judgment rendered herein on February 6, 2007, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered

herein on February 6, 2007 is stayed pending the decision of the Court *en banc*, and the appeal is

reinstated on the docket of this Court.

Notwithstanding the provisions of Rule 5A:35, the following briefing schedule hereby is

established:  Appellant shall file an opening brief upon rehearing *en banc* within 21 days of the date of

entry of this order; appellees shall file an appellee's brief upon rehearing *en banc* within 14 days of the

date on which the opening brief is filed; and appellant may file a reply brief upon rehearing *en banc*

within 14 days of the date on which the appellees' brief is filed. The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter. It is further ordered that the appellant shall file twelve additional copies of the appendix previously filed in this case.

A Copy,

Teste:

Cynthia L. McCoy, Clerk

By:

Deputy Clerk

Present:   Judges Frank, Kelsey and Beales
Argued at Chesapeake, Virginia


TRAVELERS PROPERTY CASUALTY
  COMPANY OF AMERICA

v.        Record No. 1056-06-1

LESLIE C. ELY, GRAYCON, INC.,
  J.F. SCHOCH BUILDING CORPORATION AND
  BUILDING INSURANCE ASSOCIATION, INC.                    OPINION BY
                                                  JUDGE ROBERT P. FRANK
TRAVELERS PROPERTY CASUALTY                         FEBRUARY 6, 2007
  COMPANY OF AMERICA

v.        Record No. 1057-06-1

MATTHEW L. BAILEY,
  WILLIE M. THOMAS HOME IMPROVEMENTS AND
  UNINSURED EMPLOYER'S FUND


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Gerard E.W. Voyer (Audrey Marcello; Taylor & Walker, P.C., on
          briefs), for appellant.

          Andrew R. Blair (Blair Law Offices, on briefs), for appellees J.F.
          Schoch Building Corporation, Building Insurance Association, Inc.
          and Uninsured Employer's Fund.

          Lisa Frisina Clement (Kari Lou Frank; PennStuart, on brief), for
          appellee Willie M. Thomas Home Improvement.

          No brief or argument for appellees Leslie C. Ely, Graycon, Inc. and
          Matthew L. Bailey.


        In this consolidated appeal, Travelers Property Casualty Company (Travelers) appeals

two decisions of the Workers' Compensation Commission finding that Travelers failed to

comply with the notice requirements of Code § 65.2-804(B).[1]  On appeal, Travelers contends

that upon the insured's/employer's failure to renew policies of insurance, Travelers was not

required to file a Form 45H of non-renewal with the commission.  We hold the commission

properly found that Travelers was required to file a Form 45H in each case, that the failure to do

so kept the existing policies in effect, and that Travelers is responsible for the payment of

benefits.  Therefore, we affirm the awards.

## BACKGROUND

### Claimant Leslie C. Ely

The material facts are not in dispute.  Graycon, Inc., the insured, obtained a workers'

compensation insurance policy with Travelers effective from July 30, 2003 through July 30,

2004.  Prior to the expiration of the policy, an underwriter from Travelers offered the insured the

opportunity to renew the policy.  The insured inadvertently did not remit a premium to Travelers,

and Travelers took no action to renew the policy.  Travelers did not file a Form 45H non-renewal

notice with the commission.

Claimant was injured in a work-related accident on September 17, 2004.

---

[1] Code § 65.2-804(B) states:

> No policy of insurance hereafter issued under the provisions of this
> title, nor any membership agreement in a group self-insurance
> association, shall be cancelled or non-renewed by the insurer
> issuing such policy or by the group self-insurance association
> canceling or nonrenewing such membership, except on thirty days'
> notice to the employer and the Workers' Compensation
> Commission, unless the employer has obtained other insurance and
> the Workers' Compensation Commission is notified of that fact by
> the insurer assuming the risk, or unless, in the event of
> cancellation, said cancellation is for nonpayment of premiums;
> then ten days' notice shall be given the employer and the Workers'
> Compensation Commission.

<u>Claimant Mathew L. Bailey</u>

The material facts are not in dispute. Travelers issued a workers' compensation insurance policy to Willie M. Thomas Home Improvements, the insured, effective from October 25, 2003 through October 25, 2004. An underwriter for Travelers sent notice to the insured that the policy was about to expire and offered to renew the policy. Travelers received a premium payment on December 18, 2004, after the policy's expiration date. Prior to receiving this late premium payment, Travelers did not file a Form 45H non-renewal notice with the commission.

Claimant was injured in a work-related incident on December 16, 2004.

<u>Findings by the Full Commission</u>

In each case, the commission interpreted the language of Code § 65.2-804(B) to determine whether the insured or Travelers was responsible for notifying the commission upon non-renewal of a policy. The full commission found that the operative phrase "non-renewed by the insurer" is ambiguous, stating:

> The language of [Code §] 65.2-804 can be interpreted to mean non-renewed at the election of the insurer or that the insurer did not renew the policy, whether it was at the behest of the employer or insurer, as a result of an oversight by the parties, or for other reasons.

In interpreting Code § 65.2-804(B), the commission looked to the intent of the statute and determined that "all non-renewals are 'non-renew[als] by the insurer' as contemplated by [Code] § 65.2-804(B)."

The commission found in each case that because Travelers did not file a commission Form 45H, the policies were not effectively terminated and Travelers was responsible for benefits associated with each compensable injury. From these decisions, Travelers appeals.

- 3 -

The narrow issue in these consolidated cases is whether the phrase "non-renewed by the insurer" in Code § 65.2-804(B) refers to only when the insurer initiates the non-renewal, or whether it is broad enough to encompass situations where the insured initiates the non-renewal. Put differently, is the insurer obligated to notify the commission and the insured every time the policy is not renewed, or only when the insurer/carrier initiates the non-renewal? In the cases before us, the insured did not pay the insurance premium prior to the expiration date of their respective policies.

As we stated above, our resolution of the issue before us is the meaning of "non-renewed by the insurer." We find that in all cases of non-renewals, the insurer must provide notification pursuant to Code § 65.2-804(B).

This appeal requires that we reconcile two neighboring provisions of the Workers' Compensation Act: Code § 65.2-804(A) dealing with notice requirements when an insured cancels his coverage; and Code § 65.2-804(B) dealing with notice requirements when the insurer cancels or does not renew the coverage. In order to reconcile the statutes, we apply the applicable rules of statutory construction.

> It is well established that a statute should be read and considered as a whole, and the language of a statute should be examined in its entirety to determine the intent of the General Assembly from the words contained in the statute. In doing so, the various parts of the statute should be harmonized so that, if practicable, each is given a sensible and intelligent effect. Thus, "[a] statute is not to be construed by singling out a particular phrase; every part is presumed to have some effect and is not to be disregarded unless absolutely necessary." Commonwealth v. Zamani, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998); *accord* Jeneary v. Commonwealth, 262 Va. 418, 430, 551 S.E.2d 321, 327 (2001).

Dep't of Med. Assistance v. Beverly Healthcare, 268 Va. 278, 285, 601 S.E.2d 604, 608 (2004) (other citations omitted).

"We consider the language of each statute at issue to determine the General Assembly's intent from the plain and natural meaning of the words used. When the language of a statute is unambiguous, courts are bound by the plain meaning of that language." Hoffman Family, LLC v. City of Alexandria, 272 Va. 274, 284, 634 S.E.2d 722, 727 (2006) (citations omitted). Because statutory interpretation presents a pure question of law, it is subject to *de novo* review by this Court. Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006).

Our analysis begins with the premise that the Workmen's Compensation Act was adopted for the protection of workers and their dependents. Hartford Co. v. Fidelity, 223 Va. 641, 643, 292 S.E.2d 327, 328 (1982). It is undisputed that Code § 65.2-804(B) includes a notice and delay provision. The notice and delay requirements of Code § 65.2-804(B) protect the worker against a lapse in his employer's insurance coverage where a workers' compensation insurance policy is canceled or not renewed by giving the employer an opportunity to acquire other insurance and by giving the commission the opportunity to timely invoke its enforcement authority. Pennsylvania Mfrs. Ass'n v. Waldron, 16 Va. App. 991, 994, 434 S.E.2d 690, 691 (1993).

In interpreting this statutory language, we must review the entire statutory scheme. We begin by reviewing all subsections of Code § 65.2-804 in order to understand the import of the notice provisions. Code § 65.2-804(A)(1) requires each insured to file annually with the commission evidence of compliance with the insurance requirements of the Act. However, if the employer subsequently cancels the insurance, employer shall immediately notify the commission of such cancellation. Every insurer must also notify the commission "immediately upon the cancellation of any policy issued by it . . . ." Additionally, Code § 65.2-804(A)(2) requires the employer, prior to canceling the insurance, to give employees 30 days written notice of its intent to cancel. "Every employer who received the notice required under subsection (B) of this section

shall immediately forward a copy to his employees covered." Thus, subsection (A) addresses notice requirements when the employer cancels the insurance.

Prior to 1993, Code § 65.2-804(B) provided that the insurer notify the commission upon cancellation initiated exclusively by the insurer. During that same time, Code § 65.2-804(A) addressed the notice requirements when the insured exclusively initiated cancellation. In 1993, however, the General Assembly amended the statute to also include notification to the commission upon "non-renewal" of a policy. Importantly, the legislature changed only subsection (B), the provision that deals with cancellation by the insurer. Subsection (A) remained unchanged. We interpret this legislative action to mean that the General Assembly contemplated that in the case of every non-renewal, the insurer was the party responsible for giving notice to the commission. Had the legislature intended that in cases in which the insured initiated a non-renewal, rendering the insured rather than the insurer responsible for giving notice, then the General Assembly would have also amended subsection (A), which addresses actions taken by the insured. Thus, we find that "non-renewal by the insurer" as stated in subsection (B) contemplates all non-renewals.

Claimant Ely's case presents an ideal example in support of the commission's ruling that subsection (B) requires the insurer to notify the commission in all non-renewals. While the insured/employer acknowledged receiving Travelers' renewal package prior to the expiration of the policy, employer erroneously understood the policy had been renewed. A representative from Travelers testified that Travelers never notified employer of non-renewal. Had Travelers complied with the mandate of subsection (B), it would have notified employer and the commission of the status of the policy. Employer would then have had the opportunity to secure another policy. This notice also would have alerted the commission to employer's non-compliance.

Travelers' suggested interpretation fails to '"promote the ability of the enactment to remedy the mischief at which [Code § 65.2-804] is directed.'" Natrella v. Bd. of Zoning Appeals, 231 Va. 451, 461, 345 S.E.2d 295, 301 (1986) (quoting Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984)). Such an interpretation ignores the commission's enforcement duties, deprives the employer of the delay provisions, and fails to acknowledge the purpose of the notice provisions.

## CONCLUSION

We conclude that Code § 65.2-804(B) requires that when the policy is not renewed, the insurer must notify the commission and the employer of the non-renewal, irrespective of who initiated the non-renewal. Thus, the policy of each claimant was in effect on the date of each claimant's injury. We affirm the commission's decisions.

Affirmed.

Kelsey, J., dissenting.

Travelers Property Casualty Company of America appeals two decisions of the Workers' Compensation Commission requiring Travelers to provide workers' compensation coverage beyond the expiration of its insurance policies. Finding no statutory basis for this compulsory coverage, I respectfully dissent.

I.

This consolidated appeal includes two cases. The first involves an insurance policy issued by Travelers to Graycon, Inc. By its terms, the policy expired on July 30, 2004. In May 2004, Travelers offered the employer an opportunity to renew the policy prior to its expiration. If accepted by the employer, the renewal would have extended the policy for another year. The employer failed to renew, mistakenly thinking it could do so after the policy expired.

In September 2004, a month and a half after the policy expired, an employee (Leslie C. Ely) injured himself on the job. Travelers declined coverage, arguing that its policy had expired because the employer failed to renew it. The employee's claim, Travelers contended, should be compensated by other statutory employers or their insurance carriers. A deputy commissioner agreed with Travelers. On review, the full commission reversed and held that Travelers failed to provide the employer and the commission notice of nonrenewal "by the insurer" as required by Code § 65.2-804(B). Travelers must pay the claim, the commission concluded.

The second case involves a policy issued by Travelers to Willie M. Thomas Home Improvements. By its terms, this policy expired on October 25, 2004. More than two months prior to the policy expiration, Travelers offered the employer an opportunity to renew the policy for another year of coverage. The employer failed to respond to the offer. About a month and a half after the policy expired, an employee (Mathew L. Bailey) sustained a job-related injury. Two days later, the employer asked Travelers to renew the prior policy and to provide retroactive

coverage for the employee's injury. Travelers refused, arguing that the claim should be paid by the Uninsured Employer's Fund ("UEF") pursuant to Code § 65.2-1203.[2] A deputy commissioner ordered Travelers to cover the claim, concluding that Travelers failed to provide the employer and the commission notice of nonrenewal "by the insurer" as required by Code § 65.2-804(B). On review, the full commission affirmed on the same basis.

In both cases, the commission's records demonstrate that the employers had filed proof-of-coverage notices with the National Council for Compensation Insurance (NCCI), with whom the commission has outsourced much of its data management duties with respect to insurance coverage. See generally Villwock v. Ins. Co. of N. Am./Cigna, 22 Va. App. 127, 130-31, 468 S.E.2d 130, 132 (1996). The commission regularly uses NCCI's "Proof of Coverage Policy Information System." Squire v. Elco Concrete Co., Inc., VWC File No. 185-16-50, 1998 Va. Wrk. Comp. LEXIS 4838, at *2 (April 23, 1998).[3] NCCI's proof-of-coverage records for the nonrenewed policies at issue specifically disclose their expiration dates. The commission, therefore, had notice of the expected expiration date of both policies.

II.

On appeal, Travelers argues that the commission misconstrued Code § 65.2-804(B) because that statute requires the insurer to notify the insured and the commission only when the policy has been "cancelled or nonrenewed *by the insurer*." Id. (emphasis added). This argument

---

[2] Funded by "taxes levied upon insurers," Uninsured Employer's Fund v. Flanary, 27 Va. App. 201, 206, 497 S.E.2d 912, 914 (1998), the UEF provides compensation "to claimants for benefits awarded against an employer which has breached its duty 'to secure compensation insurance.'" Uninsured Employer's Fund v. Mounts, 255 Va. 254, 258, 497 S.E.2d 464, 466 (1998) (citation omitted).

[3] See also Celis v. Manganaro Corp. Md., VWC File No. 197-01-57, 2000 WL 358266 (Va. Wrk. Comp. Feb. 18, 2000) (reviewing NCCI records to identify insurance carrier); In Re: PRC, Inc., VWC File No. E0203-57490, 2003 WL 21811823 (Va. Wrk. Comp. July 3, 2003) (using the "Commission's NCCI records" to establish employer was insured).

presents a pure question of law, a matter of statutory interpretation we review *de novo*. See Mattaponi Indian Tribe v. Commonwealth, 43 Va. App. 690, 707, 601 S.E.2d 667, 675 (2004) (recognizing that "pure statutory interpretation is the prerogative of the judiciary").

Our analysis should begin, "as always, with the language of the statute." Meador v. Va. Birth-Related Neurological Injury Comp. Program, 44 Va. App. 149, 153-54, 604 S.E.2d 88, 90 (2004) (citation omitted). Working from the statutory text, "we strive to give that language a 'literal construction' unless doing so 'would involve a manifest absurdity.'" Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 276, 590 S.E.2d 631, 638 (2004) (citation omitted). By literal, we mean the words "should be given their 'common, ordinary and accepted'" understanding. Meador, 44 Va. App. at 154, 604 S.E.2d at 91 (citation omitted). This textualist approach presumes the legislature "'chose, with care,' the specific words of the statute." Kane v. Szymczak, 41 Va. App. 365, 371, 585 S.E.2d 349, 352-53 (2003) (citations omitted).

Guided by these principles, I would hold that Code § 65.2-804(B) means just what it says: An insurer must notify the employer and commission only when the policy has been cancelled or nonrenewed "by the insurer." That did not happen here. Travelers did nothing to nonrenew either of the two policies at issue in this consolidated appeal. Just the opposite is true. Travelers timely offered the employers the opportunity to renew, but both failed to do so. The policies were nonrenewed solely by the actions or inactions of the employers, not the insurer.

Under generally accepted principles of insurance law, extended coverage cannot be judicially imposed on an insurer that expressly "offered a renewal but the insureds permitted the policy to expire on its own terms." 3 Eric Mills Holmes, Appleman on Insurance § 16.5, at 321 (2d ed. 1998). "The statutory notice requirement applies only to policies that are not renewed *by the insurer* and not those which are not renewed *by the insured*." Id. (emphasis added). Notice

statutes may not extend coverage when the insured knew the policy "was about to expire well before the expiration date but failed to renew the policy by paying or tendering the premium." 2 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 29:8, at 29-14 (3d ed. 1995). When an insurer offers to renew and the insured fails to take the necessary steps to accept the offer, the policy has been nonrenewed by the insured, not "by the insurer." Axson v. A. Mortgage Co., Inc., 441 S.E.2d 193, 194 (S.C. App.), aff'd, 449 S.E.2d 491 (S.C. 1994). In my opinion, this generally accepted view is the most natural reading of the by-the-insurer qualification to the notice requirement of Code § 65.2-804(B).

The commission adopted a contrary view on the premise that the phrase "by the insurer" was ambiguous. The commission resolved this ambiguity by construing the phrase "by the insurer" to apply to *all* nonrenewals — whether caused by the insurer or by the employer. "We believe this to be the most reasonable approach," the commission reasoned, "because it is the insurer who performs the final act of issuing or not issuing the policy." After all, the commission observed, "ultimately control over renewal and nonrenewal is with the insurer."

I cannot concur with this reasoning. Renewing a policy is a bilateral act of both contracting parties. Together the insured and insurer must agree to extend the expiration date of the existing policy or to substitute in its place a new policy beginning upon the expiration of the old one. Absent a contrary provision in the policy, "neither party has any right to require a renewal" and "neither is bound to renew the contract." Russ & Segalla, *supra*, § 29:5, at 29-8.

In contrast, a nonrenewal of a policy can be (and usually is) a wholly unilateral act by one of the two contracting parties. The failure of either party to agree dooms a renewal. The nonrenewal decision, therefore, is not within the ultimate control of the insurer any more than it is in the ultimate control of the insured. Thus, when "the insurer has clearly manifested its willingness to renew a policy but the insured failed to accept the offer in a timely manner, the

- 11 -

policy will lapse upon the expiration of the policy period." Holmes, *supra*, § 16.5, at 321. When this occurs, the policy is nonrenewed *by the insured*. A nonrenewal by the insured does not require, as the commission reasoned, some "final act" by the insurer. It requires no act at all by the insurer.

In defense of the commission's interpretation, the appellees argue that a literal reading of "by the insurer" undermines the overriding statutory policy of ensuring that adequate insurance funds always remain available for employees with legitimate claims. Though the point seems to me overstated,[4] I see no need to engage it directly. In Virginia, "when a statutory text speaks clearly on a subject, 'effect must be given to it regardless of what courts think of its wisdom or policy.'" South v. Commonwealth, 47 Va. App. 247, 251-52, 623 S.E.2d 419, 421 (2005) (quoting Temple v. City of Petersburg, 182 Va. 418, 423, 29 S.E.2d 357, 358 (1944)), remanded for resentencing, 272 Va. 1, 630 S.E.2d 318 (2006). "We can only administer the law as it is written." Uninsured Employer's Fund v. Wilson, 46 Va. App. 500, 506, 619 S.E.2d 476, 479 (2005) (citation omitted). "Whether it 'may or may not be better public policy' to do otherwise, 'such judgments are not ours to make.'" Id. (citation omitted).

Along the same lines, the meaning of the statute cannot be judicially expanded "simply because it may seem to us that a similar policy applies, or upon the speculation that if the legislature had thought of it, very likely broader words would have been used." Franklin & Pittsylvania Ry. Co. v. Shoemaker, 156 Va. 619, 624, 159 S.E. 100, 102 (1931) (quoting McBoyle v. United States, 283 U.S. 25, 27 (1931) (Holmes, J.)). For me, the "question here is not what the legislature intended to enact, but what is the meaning of that which it did enact. We must determine the legislative intent by what the statute says and not by what we think it should

---

[4] See *supra*, note 2, at 9.

have said." South, 47 Va. App. at 252, 623 S.E.2d at 421 (quoting Carter v. Nelms, 204 Va. 338, 346, 131 S.E.2d 401, 406 (1963)).[5]

That said, I acknowledge that literalism has its limits. While undisturbed by the mere banter of policy debates, a literal reading of a statute should not be adopted when "doing so 'would involve a manifest absurdity.'" Meador, 44 Va. App. at 154, 604 S.E.2d at 91 (citation omitted). In this case, however, I see nothing absurd about the General Assembly's decision to limit the insurer's notification duty to nonrenewals "by the insurer." The employer needs no notice of nonrenewals "by the employer." Nor does the commission. Code § 65.2-804(A) requires the employer to report annually on insurance coverage. The required filing specifically alerts the commission to the policy expiration date. Unlike a cancellation, which can occur any time, a nonrenewal takes place at the end of the policy term. An employer's failure to renew a policy, therefore, is something the commission could know from NCCI records the day after the previously announced expiration of the earlier year's policy.

It is true, as the commission points out, that an employer might misread the insurer's initial notice offering to renew the policy and mistakenly believe it need not respond to the offer for the renewal to take place. Under such circumstances, a final notice of nonrenewal by the insurer to the employer may prompt the employer to discover its mistake and cause it to correct the problem before a lapse in coverage occurs.

This hypothesis, however, falters even under the commission's interpretation of Code § 65.2-804(B). As was true for both Travelers policies at issue here, an insurer's offer to renew

---

[5] We made a similar point in Pa. Mfrs. Ass'n v. Waldron, 16 Va. App. 991, 995-96, 434 S.E.2d 690, 692-93 (1993), holding that the unambiguous language in Code § 65.2-804(B) governing cancellations "by the insurer" did not apply to cancellations by the employer. The commission's "standard policy" of equating the two, for purposes of enhancing its administrative oversight role, could not supersede the plain meaning of the statute. Id. at 996 & n.4, 434 S.E.2d at 692-93 & n.4.

can usually be accepted by the employer at any time prior to the expiration of the policy term. The insurer would not know whether the offer has been accepted until the last day. A subsection (B) notice of nonrenewal must be made 30 days *prior* to the expiration of the policy term. The only way an insurer could file the notice on time — while still giving the employer its right to accept the renewal offer up until the last day — is to do something the statute nowhere contemplates, much less permits: to notify the commission and employer of a *potential* nonrenewal of the policy, which may or may not become an *actual* nonrenewal depending on what happens over the course of the last month of the policy term.

III.

Because Travelers did not violate Code § 65.2-804(B), I believe the commission erred in ordering the two Travelers policies in this case to remain in effect past their expiration dates for purposes of providing coverage for the two disputed injuries. For these reasons, I respectfully dissent.

- 14 -