Present:  Hassell, C.J., Keenan, Koontz, Lemons, Agee,[*] and
          Goodwyn, JJ., and Russell, S.J.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA
                    OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 071421                September 12, 2008

LESLIE C. ELY, ET AL.

          FROM THE COURT OF APPEALS OF VIRGINIA

                            I.

    In these consolidated appeals from the Court of Appeals,

we consider whether certain policies of workers' compensation

and employers' liability insurance were "nonrenewed by the

insurer" within the intendment of Code § 65.2-804(B), thereby

requiring the insurer to provide notice to the Virginia

Workers' Compensation Commission before the policies could be

terminated.

                            II.

                            A.

    Travelers Property Casualty Company of America

(Travelers) issued a workers' compensation and employers'

liability insurance policy to Graycon, Inc.  The policy was

effective July 30, 2003 through July 30, 2004.  In May 2004,

Travelers informed Graycon by letter that the policy would

expire on July 30, 2004 unless Graycon paid the renewal

          [*] Justice Agee participated in the hearing and decision of
this case prior to his retirement from the Court on June 30,

premium and renewed the policy. Travelers also informed Graycon in the letter that "[i]n order to avoid a lapse in coverage, your renewal payment must be received by the due date shown on your bill" and that if the premium was not received by the due date, the "policy will expire." Graycon did not submit the premium before the due date.

On September 17, 2004, Leslie C. Ely was injured while performing work on a house that was being constructed. J.F. Schoch Building Corporation, the general contractor, retained Bruce Gray Construction as a subcontractor. Bruce Gray Construction, in turn, retained Graycon, Inc., as a subcontractor, and Ely "was working for Graycon at the time of his injury." Ely submitted a workers' compensation claim, and Travelers denied coverage of the claim because Graycon failed to pay the premium before the due date.

Ely filed a claim for benefits with the Virginia Workers' Compensation Commission (the Commission), and a deputy commissioner concluded that the workers' compensation insurance policy issued by Travelers was not in effect at the time of Ely's accident, even though Travelers did not notify the Commission that the policy had expired. The Building Insurance Association, Inc., a statutory employer's insurer, appeared before the Commission and argued that the policy of

2008.

2

insurance remained in effect because of Travelers' failure to provide notice to the Commission. The Commission rejected the deputy commissioner's opinion and held that Travelers' workers' compensation and employers' liability insurance policy issued to Graycon remained in effect at the time of Ely's accident because Travelers failed to notify the Commission that the policy had not been renewed. The Commission held that the policy remained in effect and that Travelers is "responsible for [the] benefits associated with [Ely's] compensable injury by accident." Travelers appealed to the Court of Appeals.

B.

Travelers issued a workers' compensation and employers' liability insurance policy to Willie M. Thomas Home Improvements (Thomas Home Improvements). The policy was effective October 25, 2003 through October 25, 2004. In August 2004, Travelers sent Thomas Home Improvements a letter offering to renew the policy. Travelers also submitted a renewal premium notice and a bill for the new premium, but Thomas Home Improvements failed to pay the premium.

On December 16, 2004, Matthew L. Bailey, an employee of Thomas Home Improvements, was injured while working within the scope and course of his employment. He submitted a workers' compensation claim. Travelers denied coverage of the claim

3

because it considered the Thomas Home Improvements policy to have expired since the renewal premium had not been paid.

Bailey filed a claim for benefits with the Commission. A deputy commissioner held that Travelers was required to pay benefits because it failed to notify the Commission of "the non-renewal of the employer's policy" that Travelers had issued. The Uninsured Employers' Fund of Virginia appeared before the Commission and supported the deputy commissioner's decision. The Commission agreed with the deputy commissioner and entered an order holding that Travelers is "responsible for [the] benefits associated with [Bailey's] compensable injury by accident." Travelers appealed to the Court of Appeals.

### C.

The Court of Appeals consolidated the aforementioned cases, and a panel of the Court of Appeals affirmed the Commission's orders. Travelers Prop. Cas. Co. of Am. v. Ely, 49 Va. App. 271, 640 S.E.2d 520 (2007). Upon a rehearing en banc, an evenly divided Court of Appeals approved the Commission's orders, and the court did not issue an opinion. Travelers Prop. Cas. Co. of Am. v. Ely, 49 Va. App. 807, 645 S.E.2d 342 (2007). Travelers appeals.

### III.

Code § 65.2-804(B) states:

4

"B.  No policy of insurance hereafter issued under the provisions of this title, nor any membership agreement in a group self-insurance association, shall be cancelled or nonrenewed by the insurer issuing such policy or by the group self-insurance association cancelling or nonrenewing such membership, except on thirty days' notice to the employer and the Workers' Compensation Commission, unless the employer has obtained other insurance and the Workers' Compensation Commission is notified of that fact by the insurer assuming the risk, or unless, in the event of cancellation, said cancellation is for nonpayment of premiums; then ten days' notice shall be given the employer and the Workers' Compensation Commission."

(Emphasis added).

Travelers argues that the workers' compensation and employers' liability insurance policies that it issued to Graycon and Thomas Home Improvements expired when they failed to pay the premiums and renew the policies.  Continuing, Travelers asserts that Code § 65.2-804(B) is unambiguous, and pursuant to the plain language of this statute, Travelers had no statutory obligation to notify the Commission that the policy had expired because the insurance policies were not "cancelled or nonrenewed by the insurer issuing such policy" within the meaning of Code § 65.2-804(B).

Responding, Thomas Home Improvements, Graycon, J.F. Schoch Building Corporation, Uninsured Employers' Fund, and Building Insurance Association, Inc. (hereinafter collectively referred to as Employers), argue that Code § 65.2-804(B) is ambiguous and that the notice requirements contained in this

5

statute apply to all "nonrenewals, irrespective . . . whether it was the insurer or the employer who initiated the nonrenewal." Continuing, the Employers assert that the Commission correctly determined that the insurance policies remained in effect when Ely and Bailey were injured because Travelers failed to give the statutorily prescribed notices. We disagree with the Employers' contentions.

The construction of a statute presents a question of law that this Court reviews de novo on appeal. Jackson v. Commonwealth, 274 Va. 630, 633, 652 S.E.2d 111, 113, (2007); accord Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007). This Court, when interpreting a statute, must "ascertain and give effect to the intention of the legislature." Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003); accord Boynton v. Kilgore, 271 Va. 220, 227, 623 S.E.2d 922, 925 (2006).

We have stated the following principles that we must apply when determining whether a statute is ambiguous:

> "Language is ambiguous if it admits of being understood in more than one way or refers to two or more things simultaneously. Lincoln National Life Ins. Co. v. Commonwealth Corrugated Container Corp., 229 Va. 132, 136-37, 327 S.E.2d 98, 101 (1985). An ambiguity exists when the language is difficult to comprehend, is of doubtful import, or lacks clearness and definiteness. Ayres v. Harleysville Mut. Casualty Co., 172 Va. 383, 393, 2 S.E.2d 303, 307 (1939). If language is clear and unambiguous, there is no need for construction by the court; the

6

> plain meaning and intent of the enactment will be
> given it.  School Board of Chesterfield County v.
> School Board of the City of Richmond, 219 Va. 244,
> 250, 247 S.E.2d 380, 384 (1978)."

Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985); accord Gillespie v. Commonwealth, 272 Va. 753, 758, 636 S.E.2d 430, 432 (2006); Lynch v. Commonwealth Transp. Comm'r, 255 Va. 227, 231, 495 S.E.2d 247, 249 (1998).

Applying the aforementioned principles, we hold that Code § 65.2-804(B) is not ambiguous.  The language in Code § 65.2-804(B) is clear, is not difficult to comprehend, and does not admit of being understood in more than one way.  Therefore, in deciding the meaning of Code § 65.2-804(B), we will consider the plain language contained therein.  VYVX of Va., Inc. v. Cassell, 258 Va. 276, 292, 519 S.E.2d 124, 132 (1999); Haislip v. Southern Heritage Ins. Co., 254 Va. 265, 268, 492 S.E.2d 135, 137 (1997); Abbott v. Willey, 253 Va. 88, 91, 479 S.E.2d 528, 530 (1997).

Applying the plain language in Code § 65.2-804(B), we hold that Travelers was not required to comply with the notification provisions of that statute.  An insurer must comply with the statutorily prescribed notification mandates if its policy of insurance is "cancelled or nonrenewed by the insurer issuing such policy."  Code § 65.2-804(B).  Travelers offered to renew the policies but Graycon and Thomas Home

7

Improvements did not pay the workers' compensation and employers' liability insurance premiums that were required in order to renew the policies. Graycon and Thomas Home Improvements voluntarily chose to allow their insurance policies to expire as contemplated by the specific terms of those policies. Thus, Graycon and Thomas Home Improvements, not Travelers, caused the policies of workers' compensation and employers' liability insurance at issue to expire. Any contrary construction or application of Code § 65.2-804(B) would render the phrase "nonrenewed by the insurer issuing such policy" mere surplusage, which is contrary to the settled rule in this Commonwealth that every provision in or part of a statute shall be given effect if possible. Level 3 Commcn's of Va., Inc. v. State Corp. Comm'n, 268 Va. 471, 477-78, 604 S.E.2d 71, 74 (2004); Cook v. Commonwealth, 268 Va. 111, 114, 597 S.E.2d 84, 86 (2004); Tilton v. Commonwealth, 196 Va. 774, 784, 85 S.E.2d 368, 374 (1955).

IV.

We hold that Travelers was not required to comply with the notice provisions contained in Code § 65.2-804(B) because the insurance policies that are the subject of this appeal were not "nonrenewed by the insurer issuing such polic[ies]." Thus, these insurance policies were not in effect when Ely and Bailey were injured. In view of our holdings, we need not

8

consider the litigants' remaining arguments.  We will reverse the judgments of the Court of Appeals, and we will enter final judgments here in favor of Travelers.

<u>Reversed and final judgment</u>.