Present:    Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
            Agee, JJ., and Stephenson, S.J.

JOHN ALLEN JACKSON
                        OPINION BY CHIEF JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 070137                   November 2, 2007

COMMONWEALTH OF VIRGINIA

                FROM THE COURT OF APPEALS OF VIRGINIA

        In this appeal of a judgment from the Court of Appeals,

we consider whether the Commonwealth proved that the defendant

violated Code § 18.2-266, a penal statute.  This statute

states in relevant part:

        "It shall be unlawful for any person to drive
    or operate any motor vehicle, engine or train . . .
    (iii) while such person is under the influence of
    any narcotic drug or any other self-administered
    intoxicant or drug of whatsoever nature, or any
    combination of such drugs, to a degree which impairs
    his ability to drive or operate any motor vehicle,
    engine or train safely."

        John Allen Jackson was convicted in the City of Lynchburg

General District Court of driving under the influence of a

narcotic drug in violation of Code § 18.2-266.  He appealed

the conviction to the Circuit Court of the City of Lynchburg,

and he was convicted by the court sitting without a jury.  The

circuit court fixed his punishment at 30 days in jail and

imposed a fine of $250, which were both suspended.  The

circuit court also suspended Jackson's driver's license for 12

months.

The Court of Appeals affirmed Jackson's conviction in an unpublished opinion. Jackson v. Commonwealth, Record No. 2120-06-3 (December 22, 2006). Jackson appeals.

The facts relevant for our disposition of this appeal are not in dispute. Jackson went to the emergency room at Lynchburg General Hospital between 3:00 and 4:00 a.m. on June 19, 2005, complaining of pain. After Jackson was examined by health care providers, a physician ordered that Jackson receive two milligrams of dilaudid and 25 milligrams of "phenergen IM."

Dilaudid is a "strong analgesic" that is prescribed "for severe pain." The phenergen was administered to prevent Jackson from becoming nauseous, which is a side effect of dilaudid. Dr. James Kuhlman, a forensic toxicologist who testified at trial, stated that:

> "Dilautid [sic] is a central nervous system depressant. Its primary manifestation is sedation and [it is] a strong drug. It produces intense effects. Those type of side effects that you might expect to see would be someone who is sedated, lethargic, sleepy, slow reaction time, uncoordinated, probably disoriented. If they were walking and talking, [it is] possible that it could affect their balance and speech."

A nurse at the hospital administered the dilaudid, which is a narcotic, to Jackson between 4:00 and 5:00 a.m. The nurse told Jackson that the medication would make him drowsy and asked Jackson if "he had a ride home and he said that he

2

did." The dosage of dilaudid that Jackson received probably affected him for about four hours.

Jackson was discharged from the emergency room after 7:00 a.m. on June 19, 2005. Sometime between the time of his discharge and 7:30 a.m., Jackson, who was driving a car, collided with a telephone pole. His car incurred significant damage. Jackson "crawled" out of the car, and he was transported to Lynchburg General Hospital for treatment. As a result of the accident, Jackson was charged with a violation of Code § 18.2-266(iii).

Jackson argued in the circuit court, the Court of Appeals, and he argues in this Court, that as a matter of law, he did not violate Code § 18.2-266(iii). Jackson contends that this statute prohibits the operation of a motor vehicle only when the operator is under the influence of a narcotic drug that is self-administered. Jackson argues that even though the Commonwealth presented evidence that he was under the influence of a narcotic drug, Code § 18.2-266 requires that the narcotic be self-administered. Continuing, Jackson asserts that medical personnel administered the drug to him and, hence, the drug he received was not self-administered, and he did not violate the statute.

Responding, the Commonwealth argues that Code § 18.2-266(iii) prohibits the operator of a motor vehicle from

driving under the influence of a narcotic drug in two separate and distinct situations: "first, the statute proscribes driving under the influence of 'any narcotic drug,' self-administered or otherwise; second, driving under the influence of 'self-administered intoxicant[s] and drug[s] of whatsoever nature.' " We disagree with the Commonwealth's contentions.

The construction of a statute presents a question of law that we review de novo upon appeal. Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007); Farrakhan v. Commonwealth, 273 Va. 177, 180, 639 S.E.2d 227, 229 (2007); Dowling v. Rowan, 270 Va. 510, 519, 621 S.E.2d 397, 401 (2005). When a court construes a penal statute, the court must not add to the words of that statute, nor ignore the statute's actual words, and the court must strictly construe the statute and limit its application to cases clearly within the scope of that statute. Robinson, 274 Va. at 51, 645 S.E.2d at 473; Farrakhan, 273 Va. at 181, 639 S.E.2d at 230; Turner v. Commonwealth, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). Also, "every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary." Robinson, 274 Va. at 51-52, 645 S.E.2d at 473 (quoting Hubbard v. Henrico Ltd. Partnership, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998)); accord Sansom v. Board of Supervisors, 257 Va. 589, 595, 514 S.E.2d 345, 349 (1999);

4

_Sims Wholesale Co. v. Brown-Forman Corp._, 251 Va. 398, 405, 468 S.E.2d 905, 909 (1996); _Raven Red Ash Coal Corp. v. Absher_, 153 Va. 332, 335, 149 S.E. 541, 542 (1929).

Applying these principles, we conclude that the circuit court and the Court of Appeals erred by holding that Jackson violated Code § 18.2-266. As we have already stated, this penal statute prohibits a person from operating a motor vehicle, engine, or train "while such person is under the influence of any narcotic drug or <u>any</u> <u>other</u> <u>self-administered</u> intoxicant or drug of whatsoever nature." (Emphasis added). Applying the plain language of this statutory provision and principles of statutory construction, we must give meaning to the phrase "under the influence of any narcotic drug or any other self-administered intoxicant or drug." We hold that the meaning of this phrase is clear: the narcotic drug that the operator of the motor vehicle is "under the influence of" must be self-administered. The phrase "or any other self-administered intoxicant or drug" modifies and places a limitation upon the phrase "while such person is under the influence of any narcotic drug." Any other conclusion would render the statutory phrase "or any other self-administered intoxicant or drug" meaningless and superfluous.

We reject the Commonwealth's invitation that this Court ignore the phrase "any other self-administered intoxicant or

5

drug."  This Court is not free to ignore language contained in a statute.  Rather, it is the duty of this Court to apply the language in Code § 18.2-266(iii) that the General Assembly utilized.  As we have often stated, without equivocation, "we must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute."  Halifax Corp. v. First Union Nat'l Bank, 262 Va. 91, 100, 546 S.E.2d 696, 702, (2001); accord SIGNAL Corp. v. Keane Federal Systems, Inc., 265 Va. 38, 46-47, 574 S.E.2d 253, 257 (2003); Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).

We note that the Commonwealth's brief contains an extensive discussion of the history of Code § 18.2-266(iii) and its precursor statutes.  That discussion, while interesting, has no legal significance because this Court has a duty to apply the plain language contained in Code § 18.2-266(iii).

Finding no merit in the Commonwealth's arguments, we will reverse the judgment of the Court of Appeals, and we will dismiss Jackson's conviction for violation of Code § 18.2-266.

Reversed and dismissed.

6