UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Huff and Chafin
Argued at Alexandria, Virginia

JERSON JAVIER JARA TRAVEZANO

v.      Record No. 1654-13-4            MEMORANDUM OPINION[*] BY
                                        JUDGE GLEN A. HUFF
COMMONWEALTH OF VIRGINIA                 OCTOBER 7, 2014

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

Kathryn C. Donoghue, Assistant Public Defender (Office of the
Public Defender, on briefs), for appellant.

Craig W. Stallard, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Jerson Javier Jara Travezano ("appellant") appeals his sentence for rape, in violation of

Code § 18.2-61. Appellant entered a guilty plea in the Circuit Court of Fairfax County ("trial

court"), which was accepted. Thereafter the trial court sentenced appellant to an indeterminate

period in the Department of Juvenile Justice ("DJJ"). On appeal, appellant contends that 1) the

"trial court erred in finding that the use of the term 'may' in [Code §] 16.1-284 provided the trial

court with discretion to commit an adult to the [DJJ]," and 2) the "trial court erred when it

committed [appellant] to the [DJJ], as [appellant], who had turned eighteen-years-old, was

ineligible for commitment as he was no longer a 'juvenile' under Virginia law." For the

following reasons, this Court affirms the trial court.

I. BACKGROUND

On appeal, "'we consider the evidence and all reasonable inferences flowing from that

evidence in the light most favorable to the Commonwealth, the prevailing party at trial.'"

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

<u>Williams v. Commonwealth</u>, 49 Va. App. 439, 442, 642 S.E.2d 295, 296 (2007) (*en banc*) (quoting <u>Jackson v. Commonwealth</u>, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004)). So viewed, the evidence is as follows.

On July 26, 2013, appellant waived his right to trial by jury and entered a guilty plea with the trial court to the charge of rape. After entering the plea, the Commonwealth established that between March 31 and April 30, 2012, appellant and the thirteen-year-old victim ("C.M.") were acquaintances who occasionally spent time together. On the evening in question, C.M. was walking her dog in the dark on a path 40 feet from her residence when appellant approached her. After a brief conversation, appellant began to pull on C.M.'s arm toward a nearby wooded area and told her "Let's go there." C.M. resisted appellant's attempts until appellant tightened his grip and pulled her into the woods.

When appellant and C.M. arrived in the woods, appellant pushed C.M. against a tree and "remov[ed] his penis from his pants and put a condom on." C.M. said "no" multiple times yet appellant "put his penis in [C.M.]'s vagina." Soon thereafter, C.M. pushed appellant off of her because she was in pain and bleeding. Appellant took off the condom and threw it in the woods along with the wrapper, both of which were later recovered by police. Additionally, appellant admitted to the police that he committed these acts.

At appellant's sentencing hearing, appellant argued that the only available disposition was under Code § 16.1-284, which provides that a court may sentence a juvenile offender who is over eighteen years old to jail for up to twelve months. The trial court rejected appellant's argument and stated

> Among the defects in your argument I've pointed out so far, [Code § 16.1-284] says that the Court "may impose" punishments that could be imposed on an adult not to exceed. It doesn't require me to do it; it says I must do it. So it says that if I'm going to use the sentences for an adult that's all well and good but I'd have to be

limited to a Class 1 misdemeanor, it doesn't say I have to do it that way.

So I do fin[d] the Commonwealth's argument more persuasive and I do believe that indeterminate commitment is available to this Court today for this sentence.

Accordingly, the trial court sentenced appellant to an indeterminate commitment as a serious juvenile offender, pursuant to Code § 16.1-285.1.  This appeal followed.

## A.  Standard of Review

"'[A]n issue of statutory construction is a pure question of law which we review *de novo*.'"  Scott v. Commonwealth, 58 Va. App. 35, 48, 707 S.E.2d 17, 24 (2011) (quoting Evans v. Evans, 280 Va. 76, 82, 695 S.E.2d 173, 176 (2010)).  "When a court construes a penal statute, the court must not add to the words of that statute, nor ignore the statute's actual words, and the court must strictly construe the statute and limit its application to cases clearly within the scope of the statute."  Jackson v. Commonwealth, 274 Va. 630, 633-34, 652 S.E.2d 111, 113 (2007) (citing Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2005)).  Moreover, "every part of a statute is presumed to have some effect and no part will be considered meaningless unless absolutely necessary."  Id. at 634, 652 S.E.2d at 113 (quoting Robinson, 274 Va. at 51-52, 645 S.E.2d at 473).

## B.  Code § 16.1-284

On appeal, appellant contends that the trial court erred in finding that the use of the term "may" in Code § 16.1-284 provided the trial court with discretion to commit appellant to the DJJ. Specifically, appellant argues the trial court erroneously determined that commitment was available under Code § 16.1-285.1 and not limited to sentencing appellant under

Code § 16.1-284.[1]  The Commonwealth contends that appellant's interpretation would render

Code § 16.1-284 meaningless and ignores the General Assembly's intent in enacting the statute.

The central issue in the current matter is whether the discretion granted in the statutory

language only allows the trial court to sentence within the range of a Class 1 misdemeanor (zero

to twelve months) or permits additional sentencing within the boundaries of Code § 16.1-285.1.

Code § 16.1-284 provides:

> When the juvenile court sentences an adult who has committed,
> before attaining the age of eighteen, an offense which would be a
> crime if committed by an adult, the court *may* impose the penalties
> which are authorized to be imposed on adults for such violations,
> not to exceed the punishment for a Class 1 misdemeanor for a
> single offense or multiple offenses.

(Emphasis added).  "Where the legislature has used words of a plain and definite import the

courts cannot put upon them a construction which amounts to holding the legislature did not

mean what it has actually expressed."  Tazewell Cnty Sch. Bd. v. Brown, 267 Va. 150, 162, 591

S.E.2d 671, 676-77 (2004) (citing City of Winchester v. Am. Woodmark Corp., 250 Va. 451,

457, 464 S.E.2d 148, 152 (1995)).

In the current matter, appellant argues that the "may" language within Code § 16.1-284

solely applies to range of punishment the trial court can impose, which appellant argues is

between zero and twelve months.  Additionally, appellant contends that, under the statute, the

trial court may place appellant on probation.  This narrow interpretation, however, renders the

"may" language meaningless because the punishment range is already listed within Code

§ 16.1-284.[2]  Rather, "'every part of a statute is presumed to have some effect and no part will be

---

[1] Appellant asserts that the permissive "may" statutory language under Code § 16.1-284 applies to the range of punishment the court could impose, which is zero to twelve months in jail.

[2] Code § 16.1-284 expressly indicates the punishment cannot "exceed the punishment for a Class 1 misdemeanor."

considered meaningless unless absolutely necessary.'" Robinson, 274 Va. at 51-52, 645 S.E.2d at 473 (quoting Hubbard v. Henrico Ltd. Partnership, 255 Va. 335, 340, 497 S.E.2d 335, 338 (1998)). Accordingly, appellant's interpretation overlooks the import of the legislature's inclusion of "may" within the Code. This Court "is not free to ignore statutory language or render such language meaningless." Idoux v. Helou, 279 Va. 548, 554, 691 S.E.2d 773, 776 (2010).

Rather, the legislature's inclusion of "may" "'is prima facie permissive, importing discretion, but the courts construe it to be mandatory when it is necessary to accomplish the manifest purpose of the Legislature.'" Harper v. Virginia Dept. of Taxation, 250 Va. 184, 194, 462 S.E.2d 892, 898 (1995) (quoting Caputo v. Holt, 217 Va. 302, 305 n.*, 228 S.E.2d 134, 137 n.* (1976)). Moreover, the plain language interpretation of "may," as the Commonwealth argues, carves out an exception to the Code's general prohibition against placing juveniles in adult correctional facilities. See Code § 16.1-249(B) ("No juvenile shall be detained or confined in any jail . . . ."). The legislature's inclusion of the permissive "may" within the Code section permits the trial court's discretion in deciding whether to sentence a juvenile offender to jail if they are eighteen years old or older or sentence in accordance with Code § 16.1-285.1. See generally Smith v. Commonwealth, 59 Va. App. 710, 720, 722 S.E.2d 310, 314 (2012) (the term "may" affords discretion for the trial judge). Consequently, this Court finds that the trial court possessed discretion to sentence appellant to the DJJ or, subject to statutory limitations, to "penalties which are authorized to be imposed on adults for such violations." Code § 16.1-284. Accordingly, the trial court did not err in sentencing appellant to an indeterminate commitment pursuant to Code § 16.1-285.1.

C.  Appellant's Commitment to the DJJ

Secondly, appellant asserts the trial court erred when it committed appellant to the DJJ because appellant had recently turned eighteen years old and was no longer a juvenile. Specifically, appellant argues the Code offers different definitions of "juvenile," "delinquent child," and "adult" and expressly limits commitment to the DJJ to "juveniles."  See, e.g. Code §§ 16.1-278.7; 16.1-278.8; 16.1-285; and 16.1-285.1.  The Commonwealth contends that appellant's commitment was proper applying the meaning of "delinquent child" as defined in § 16.1-228.

> "It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense.  If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute."

Epps v. Commonwealth, 47 Va. App. 687, 714, 626 S.E.2d 912, 924 (2006) (quoting Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918)).

The Code defines "delinquent child" as "a child who has a committed a delinquent act *or an adult who has committed a delinquent act prior to his 18th birthday*, except where the jurisdiction of the juvenile court has been terminated under the provisions of § 16.1-269.6." Code § 16.1-228 (emphasis added).  Appellant contends that because the legislature used the term "juvenile who is adjudicated delinquent" rather than "delinquent child," in the commitment statutes, the legislature intended to create a distinction between a "juvenile" and "delinquent child" for purposes of commitment to the DJJ.  Contrary to appellant's argument, Code § 16.1-228 defines "child," "juvenile," and "minor" as synonymous terms, i.e. "a person less than 18 years of age."  Accordingly, Title 16.1 uses the terms "child," "juvenile," and "minors"

- 6 -

interchangeably. Furthermore, "Code § 16.1-260, which governs the initiation of proceedings in a juvenile and domestic relations district court, also uses the terms 'child' and 'juvenile' interchangeably." Southerly v. Commonwealth, 33 Va. App. 650, 653-54, 535 S.E.2d 452, 454 (2000) ("The juvenile code uses the terms 'child' and 'juvenile' interchangeably."). In the definitions section of Title 16.1, "delinquent child" is defined as "a child [synonymous with juvenile] who has committed a delinquent act . . . ." Code § 16.1-228. The term "delinquent," therefore, as used in Code § 16.1-228, describes the status of a child or juvenile.

In this matter, appellant committed the rape when he was under the age of eighteen. Although by the time of trial appellant was over eighteen but less than twenty-one years old, he nevertheless was subject to commitment to the DJJ because he was under the age of eighteen at the time of the offense. Consequently, appellant satisfied the definitions of "delinquent child" and "juvenile" as set forth in Code §§ 16.1-228, 16.1-285, and 16.1-285.1. Accordingly, this Court finds that the trial court did not err in committing appellant to the DJJ after he reached the age of eighteen.

### III. CONCLUSION

Based on the foregoing, this Court finds that the trial court did not err in finding that the use of the term "may" in Code § 16.1-284 provided the trial court with discretion to commit a "delinquent child" to the DJJ for an indeterminate period. Additionally, this Court finds that the trial court did not err by committing appellant to the DJJ after he reached the age of eighteen. Accordingly, this Court affirms the trial court's rulings.

Affirmed.