COURT OF APPEALS OF VIRGINIA

Present:    Judges AtLee, Chaney and Frucci
Argued by  videoconference


JUSTIN P. WILSON, JR.

                                                    MEMORANDUM OPINION* BY
v.       Record No. 0321-24-4                       JUDGE VERNIDA R. CHANEY
                                                    JUNE 24, 2025

PAUL F. FERGUSON,
  CLERK OF THE CIRCUIT COURT FOR ARLINGTON,
  IN HIS OFFICIAL CAPACITY


                FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Alfred D. Swersky, Judge Designate

            Andrew T. Bodoh (Thomas H. Roberts & Associates, P.C., on brief),
            for appellant.

            Debra S. Stafford (Hudgins Law Firm, P.C., on brief), for appellee.


        Justin P. Wilson, Jr. requested from Arlington County Circuit Court Clerk, Paul F.

Ferguson, emails between judicial law clerks and the guardian ad litem in a custody dispute. After

Ferguson claimed the clerk's office had no responsive records, Wilson petitioned for mandamus

alleging the records existed electronically and were improperly withheld due to gross negligence or

willful misconduct. Ferguson demurred, and the circuit court sustained the demurrer, finding the

emails were not filed with the clerk and thus not subject to mandamus. Wilson appeals, arguing that

the emails are maintained by the clerk of the circuit court under Code § 17.1-208. For the following

reasons, this Court disagrees and affirms the judgment of the circuit court.

---

        * This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

Wilson was a party in a custody dispute before Judge Judith Wheat of the Arlington County Circuit Court. On August 23, 2023, Wilson emailed and mailed Ferguson requesting records for emails between Judge Wheat's judicial law clerks and the guardian ad litem in his custody case under Rule 11 or, alternatively, Code § 17.1-208. Wilson attached to this petition an example of the emails he wanted to review. The email example showed communication between the GAL and one of Judge Wheat's clerks discussing a supervised visitation plan. Nobody else was copied or cc'd on this email.

After 30 days, Wilson had yet to receive a response, so he followed up with Ferguson. Ferguson responded that "the Clerk's office does not possess records responsive to this request pursuant to Rule 11, VA Code [§] 17.1-208, or otherwise." Wilson emailed back, asking that Ferguson check not only the physical records, but electronic records as well. To this email, Ferguson gave the same response.

On October 20, 2023, Wilson petitioned for a writ of mandamus against Ferguson in his official capacity. Wilson alleged that nonconfidential court records responsive to his request exist in electronic form and are deemed to be in Ferguson's custody and keeping. Wilson accused Ferguson of "acting with gross negligence or willful misconduct" under Code § 17.1-242 in failing or refusing to reproduce the records.

Ferguson demurred, stating that the clerk's office did not maintain emails to judicial law clerks. Ferguson argued there is no legal duty to produce the records because they are not court records maintained by his office or in connection with a particular proceeding. He asserted that Wilson's legal remedy would be to obtain the emails by subpoena duces tecum issued to the

---

[1] "We recite the facts 'in the "light most favorable" to the Commonwealth, the prevailing party in the [circuit] court.'" *Pereira v. Commonwealth*, 83 Va. App. 431, 439 n.3 (2025) (quoting *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022)).

GAL. Finally, Ferguson argued that Code § 17.1-208(H) bars the claim, as clerks of the court are immune from suits relating to the production of court records absent gross negligence or willful misconduct, which the petition did not adequately allege.

On February 9, 2024, after a hearing, the circuit court sustained the demurrer and dismissed Wilson's petition for a writ of mandamus. At hearing, the court found that, under Code § 17.1-242, "if those . . . records and stuff are stored with the clerk, as long as they have been designated by the clerk, would have to be turned over." The court declined to rule on immunity for the Clerk or whether there is an adequate remedy at law, because "we [do not] get to that step until there is something that could be mandamus. Here, we didn't have anything that can be mandamus."

The court explained that while it could consider existing emails filed in ruling on the demurrer, because there was "no indication on those emails or on any pleading . . . that the Court . . . [was cc'd] on any of these emails," it was not deposited in the clerk's office such that they would be available to be turned over by their office. The court entered its final order on February 9, 2024, and Wilson timely appeals.

ANALYSIS

Wilson asserts that Ferguson, as clerk of the court, has a duty to produce emails between a judicial law clerk and GAL related to Wilson's family law matter. The "duties of a clerk are prescribed by statute." *Small v. Fannie Mae*, 286 Va. 119, 126-27 (2013) (quoting *First Va. Bank-Colonial v. Baker*, 225 Va. 72, 80 (1983)). Statute requires clerks to produce and permit parties to inspect records that they "maintain":

> Except as otherwise provided by law, any records that are maintained
> by the clerks of the circuit court shall be open to inspection in the
> office of the clerk by any person and the clerk shall, when requested,
> furnish copies thereof subject to any reasonable fee charged by the
> clerk pursuant to [Code] § 17.1-275.

Code § 17.1-208(A). We review questions of statutory interpretation de novo. *Bd. of Supervisors for the Cnty. of Louisa v. Vallerie Holdings of Va., LLC*, 80 Va. App. 335, 350 (2024).

To survive a challenge by demurrer, "a pleading must be made with sufficient definiteness to enable the court to find the existence of a legal basis for its judgment." *Dunn, McCormack & MacPherson v. Connolly*, 281 Va. 553, 558 (2011) (quoting *Hubbard v. Dresser, Inc.*, 271 Va. 117, 122-23 (2006)). A demurrer must be sustained if the challenged pleading fails to state a valid cause of action. *Sanchez v. Medicorp Health Sys.*, 270 Va. 299, 303 (2005). A plaintiff is not entitled to the assumption that its legal conclusions or theories are correct. *See Fuste v. Riverside Healthcare Ass'n, Inc.*, 265 Va. 127, 132 (2003) ("[A] demurer does not admit the correctness of the conclusions of law found in the challenged pleading."). The Court need not accept as true conclusory allegations in the complaint that are unsupported by facts. *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 523-24 (2003). Further, on a demurrer, the court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382 (1997).

"As with all issues of statutory interpretation, we are bound by the plain language of the statutes at issue." *Small*, 286 Va. at 127. "If a statute is clear and unambiguous, a court will give the statute its plain meaning." *Akers v. Commonwealth*, 298 Va. 448, 453 (2020) (quoting *Loudoun Cty. Dep't of Soc. Servs. v. Etzold*, 245 Va. 80, 85 (1993)). But when "a statute contains no express definition of a term, the general rule of statutory construction is to infer the legislature's intent from the plain meaning of the language used." *Turner v. Massie MHP, LLC*, 81 Va. App. 600, 609-10 (2024) (quoting *Matzuk v. Price*, 70 Va. App. 474, 483 (2019)). "To find the ordinary and plain meaning of a word, 'courts can look to dictionary definitions,'" "or 'pertinent analysis in prior

cases.'"  *Id.* (first quoting *Davenport v. Util. Trailer Mfg.*, 74 Va. App. 181, 196 (2022); and then quoting *Eley v. Commonwealth*, 70 Va. App. 158, 165 (2019)).

Black's Law Dictionary defines "maintain" as "[t]o continue in possession (or property, etc.)."  *Maintain*, *Black's Law Dictionary* (12th ed. 2024).  Notably, this definition does not include an active duty to acquire or procure documents.  "Maintain" is often associated with "keep" throughout Virginia caselaw and statutory interpretation, but not with active duty terms such as "acquire," "procure," or "obtain."  *See, e.g.*, *Neal v. Fairfax Cnty. Police Dep't*, 299 Va. 253, 265-66 (2020) (defining "keep" as "to preserve, maintain" and "keeper" as "someone who has the care, custody, or management of something and who [usually] is legally responsible for it"); *James River Ins. Co. v. Doswell Truck Stop, LLC*, 297 Va. 304, 307 (2019) (finding that the term "maintained" is "used in a manner indicating that the term means 'kept,' e.g., vehicles *maintained* for a specific purpose or use"); *Mills v. Mills*, 70 Va. App. 362, 376 (2019) (defining "maintain" in the context of a life insurance policy in dispute in a divorce proceeding as "to keep in a state of repair, efficiency, or validity: preserve from failure or decline").

The clerks of the circuit court are the custodians of "all court records, including books, evidence, records, maps, and papers, deposited in their offices or at such location otherwise designated by the clerk, as well as records stored in electronic format whether the storage media for such electronic records are on premises or elsewhere."  Code § 17.1-242.  Court records are defined as "any record maintained by the clerk in a civil, traffic, or criminal proceeding in the court, and any appeal from a district court."  Code § 17.1-292(B).  These records are divided into two categories: confidential and nonconfidential.  *Id.*  Confidential records include, in relevant part, "court records maintained by a clerk of a court of record . . . recognized as confidential under any applicable law or sealed pursuant to court order."  Code § 17.1-292(A), (B).  Any record not explicitly deemed confidential is nonconfidential.

Nor was Ferguson obligated to obtain those records once Wilson asked him to. "[W]e must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute." *Jackson v. Commonwealth*, 274 Va. 630, 634 (2007) (quoting *Halifax Corp. v. First Union Nat'l Bank*, 262 Va. 91, 100 (2001)). If the General Assembly had intended to impose an active duty on clerks to procure documents from judicial clerks or GALs, it would have done so. The term "maintain" does not impose an active duty to acquire or obtain documents. Therefore, neither statute nor rule nor plain language indicate that circuit court clerks "maintain" emails from law clerks to GALs.

Even so, Wilson requests mandamus for the production of those records. Wilson argues that any "case-specific emails between a GAL and judicial law clerks are 'records . . . maintained by the clerk' under Code § 17.1-208" and should thus be produced by the clerk of the circuit court upon his request. "[T]he determination whether mandamus lies as an extraordinary remedy [is a] question[] of law subject to de novo review upon appeal." *Moreau v. Fuller*, 276 Va. 127, 133 (2008).

Assuming that mandamus lies on these facts,[2] Wilson cannot obtain it. Circuit court clerks do not "maintain" emails between judicial law clerks and GALs. Circuit court clerks cannot produce records that they do not have. Nor does statute impose a duty for circuit court clerks to obtain those records once requested.

Wilson relies on *Daily Press, LLC v. Office of the Executive Secretary of the Supreme Court*, 293 Va. 551 (2017), as evidence that the Supreme Court rejected the contention that just because records are not deposited in one's office does not mean they are not maintained by him

---

[2] This Court "strive[s] to decide cases on the 'best and narrowest grounds available.'" *Carter v. Commonwealth*, 79 Va. App. 329, 349 n.9 (2023) (quoting *Alexandria Redev. & Hous. Auth. v. Walker*, 290 Va. 150, 156 (2015)); *see also PDK Lab'ys, Inc. v. Drug Enforcement Admin.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring) ("This is a sufficient ground for deciding this case, and the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further.").

or in his custody. This reliance is misplaced, as it misstates the holding of *Daily Press* which finds that, in order to obtain *public records*, an individual must direct their request to the custodian of such records, which in that case was the clerk of the court. *Daily Press, LLC*, 293 Va. at 555. There, the case concerned whether the Executive Secretary or the clerk of the court had custody of certain electronic case files. *Id.* at 555-57. While both parties had access to these files, the clerk was the individual responsible for inputting all record material into their case management system, and therefore was designated the custodian of such records. *Id.* at 557.

While, in *Daily Press*, the court clerk already had access to the records on hand, here, there is no evidence that the court clerk possessed or could gain possession of the requested emails. The judicial law clerk reached out to the GAL separately from any other court official to discuss potential options for visitation programs. This contact did not involve, nor did it require participation by the court clerk. The court clerk was not cc'd on any of this email correspondence and would have no way of accessing these emails unless they were sent to the clerk's office by either being copied on the email originally or forwarded the email after the fact. It is therefore unreasonable that the court clerk could be found to be in control and custody of these emails under Code § 17.1-208.

In sum, we hold that Ferguson, in his capacity as clerk of the court, does not have the responsibility to procure emails exchanged between judicial law clerks and a GAL, nor are those emails court records under Code § 17.1-242. Thus, the circuit court did not err in sustaining the demurrer to Wilson's petition for a writ of mandamus.

CONCLUSION

For the above reasons, this Court affirms the judgment of the circuit court.

*Affirmed.*